DARLINGTON *v.* WARNER.

An *amicus curiæ* cannot take a valid exception.

A judgment by default will not be reversed, unless the party defaulted take proper steps in the Court below to relieve himself from the judgment.

APPEAL from the *Laporte* Court of Common Pleas.

*Monday,
June 11.*

WORDEN, J.—Action by *Warner* against *Darlington* on a note. An answer of several paragraphs was filed, and replication.

On the second day of the *June* term of the Court, 1858, the plaintiff not appearing on being called, the action was dismissed on the defendant's motion, for the want of prosecution, and judgment for costs rendered against him. On the seventh day of the same term, the plaintiff appeared and moved, on affidavit filed, to set aside the default and judgment against him, which motion was granted. The cause was continued, and at the next term, on motion of the plaintiff, the entry made at the previous term was amended so as to show that the attorneys for the plaintiff were in Court at the time of making the motion, and as friends of the Court, opposed the motion, but did not appear for the defendant. To this action of the Court, exception was taken by the attorneys as friends of the Court. The defendant not appearing, the issues joined were tried by the Court, and there was a finding and judgment for the plaintiff.

The setting aside of the original default against the plaintiff, the amendment of the record, and the default and judgment against the defendant, are assigned for error.

We are of opinion that no question is presented by the record for our decision. No exception was taken by the parties to any ruling of the Court. A friend of the Court cannot, in that capacity, take a valid exception to its rulings. *Campbell* v. *Swasey*, 12 Ind. R. 70. There was no motion either for a new trial, or to set aside any of the proceedings of the Court below subsequent to the original default against the plaintiff.

It is insisted that after the default and judgment against the plaintiff, the defendant was out of Court, and that no motion could be made even at that term, to set aside the default and judgment, without notice to him. This point is not properly before us, as, if the subsequent proceedings were without authority for the want of notice to the defendant, he should have taken steps in the Court below to set them aside; and if an application of that kind should be improperly overruled, exception could be taken which would present the question for decision here. It has been held, in numerous instances, that a judgment by default will not be reversed in this Court, unless the party has taken steps in the Court below to relieve himself from the judgment. This case cannot be distinguished from them. *Vide* 13 Ind. R. 430, 453.

*Per Curiam.*—The appeal is dismissed with costs.

*J. Bradley* and *D. J. Woodward*, for the appellant.

*J. B. Niles*, for the appellee.