No. 7635.

BALDWIN ET AL. *v.* THE SCHOOL CITY OF LOGANSPORT.

SUPREME COURT.—*Assignment of Error.*—Where no objection is made, or exception taken, to a judgment, and no motion is made for the taxation of costs, in the court below, no question in relation thereto can be raised in the Supreme Court.

CITIES AND TOWNS.—*School City.*—*Order for Employment of Attorneys.*—*Not Liable when Order Violated.*—On May 31st, 1875, the school trustees of a city made an order authorizing the treasurer of such school board to employ attorneys "to prosecute the county auditor for refusing to pay over moneys" belonging to the school fund of such city. In June, 1875, the city council elected other school trustees, who, on June 3d, qualified and entered upon the duties of their office. On the same day the attorneys employed by the old board filed a complaint in the circuit

court, praying for a mandate against the auditor of the county to compel him to issue his warrant in favor of the treasurer of the old board for the money then in his hands belonging to said school city. The object of this suit was to determine who were the legal school trustees. The order of May 31st, for the employment of said attorneys, was never revoked by the new board.

*Held,* that such order only authorized the employment of said attorneys to prosecute the county auditor for failing to pay over the money due from him to the school city, and not to bring a civil suit to try the question as to who were the legal trustees, and that the school city was not liable for the fees of said attorneys for such services.

From the Cass Superior Court.

*S. T. McConnell, D. P. Baldwin, M. Winfield* and *W. W. Thornton,* for appellants.

*D. B. McConnell,* for appellee.

FRANKLIN, C.—This action was commenced by appellants against appellee, in the Superior Court of Cass county, to recover attorney fees for legal services rendered in the Cass Circuit Court, and the Supreme Court of the State, in an action, the result of which is shown by the case of *Blakemore* v. *Dolan,* 50 Ind. 194. The case was tried by the court, and a finding and judgment for the appellee.

At the request of appellants the court made a special finding of the facts, and the conclusions of law upon them. Appellants excepted to the conclusions of law, and appealed to this court. The following assignment of errors has been filed by appellants, to wit:

1st. The court below erred in its conclusions of law upon the facts specially found by the court;

2d. The court below erred in rendering judgment against the appellants upon their demand, and in taxing appellants with the costs of the suit.

No objections were made or exceptions taken, in the court below, to the judgment, or the form thereof, and no motion was there made in relation to the taxation of costs. There

is nothing for this court to act upon under the second assignment of errors.

In order to understandingly decide upon the first assignment of errors, it is necessary to state the special findings of the court, which read as follows:

"On the 31st day of May, 1875, William Dolan, Charles B. Knowlton and Archibald McDonald, then the school trustees of the city of Logansport, made and entered of record on order book, of which the following is a copy, to wit: 'Logansport, May 31st, 1875. Board met at office of William Dolan, at call of president, members all present. Whereas, the county auditor, having repeatedly refused to pay to this board the special school fund belonging to the city of Logansport, it is hereby ordered that the treasurer, William Dolan, employ the law firm of Baldwin & Winfield to prosecute the county auditor, George W. Blakemore, for refusing to pay over moneys, now in his hands, belonging to said special school fund, according to law. The board then adjourned. (Signed) C. B. Knowlton, A. H. McDonald.' The common council of the city of Logansport, at its first regular meeting in June, 1875, duly elected three school trustees for said city, to wit, Graham N. Fitch, William H. Bringhurst and Rodney Strain, eligible persons for said offices, who, on the following day, to wit, June 3d, 1875, took an oath of office according to law, met and organized into a school board, elected said Graham N. Fitch president of said board; also elected said Rodney Strain secretary of said board, and also elected said William H. Bringhurst treasurer of said board. Said Bringhurst, as such treasurer, and said Strain, as such secretary, on said 3d day of June, 1875, each executed official bonds, according to law, which bonds were, on the same day, duly approved by the county auditor. On the 3d day of June, 1875, the plaintiffs herein, as attorneys for said Dolan, Knowlton and McDonald, filed a complaint in the Cass Circuit Court, praying for a mandate

against George W. Blakemore, the auditor of Cass county, Indiana, to require him to issue his warrant upon the treasurer of said county, in favor of said Dolan, as treasurer of the board of school trustees of said city of Logansport, for the sum of eleven thousand dollars, then in the county treasury, and collected as special school tax for the school city of Logansport. Upon an order to show cause why a peremptory writ should not issue, said Blakemore filed his answer, to which the plaintiffs in that action, by the plaintiffs, Baldwin and Winfield, as their attorneys, demurred. The court sustained the demurrer. Blakemore excepted and appealed to the Supreme Court of the State, where the decision of the Cass Circuit Court was reversed. The case of *Blakemore* v. *Dolan*, 50 Ind. 194, is the case here referred to.

"In said complaint for a mandate, filed as aforesaid, in the Cass Circuit Court, the school city of Logansport and said Dolan as treasurer of the board of school trustees of said city, were named as plaintiffs, and George W. Blakemore, auditor of Cass county, was named as defendant. The plaintiffs herein were the attorneys for the appellees in said cause, and for them performed and filed a brief in the Supreme Court. In accordance with the decision of the Supreme Court in said cause, said Dolan, Knowlton and McDonald, in September, 1875, relinquished their claim to the said offices of school trustees of the city of Logansport, and turned over the records and papers pertaining to the same, to said Fitch, Bringhurst and Strain, said Dolan claiming to act under said order made by the school trustees, as aforesaid, on May 31st, 1875, employed the plaintiffs as attorneys. This employment was prior to June 2d, 1875. Under this employment, the plaintiffs, as such attorneys, spent considerable time and labor in examining the question as to the legal right and duty of the common council of said city to elect all the board of school trustees at their said meeting in June, 1875.

"The services of said plaintiffs as attorneys, in their prep-

aration for said action, in bringing and conducting the same in the Cass Circuit Court, and in the Supreme Court, were worth the sum of three hundred dollars. During the time of the performance of said service the plaintiffs were partners in the practice of law, doing business in the firm name of Baldwin & Winfield; 2d, the order made May 31st, 1875, for the employment of plaintiffs, was never re- voked by the board of school trustees of said city.

"As conclusions of law upon the foregoing facts, the court finds as follows: That the services of the plaintiffs, as attor- neys aforesaid, were not rendered for the defendant in this action, but were rendered for Dolan, Knowlton and McDon- ald, and that the defendant is not, therefore, liable for the payment of the same. Wherefore the court finds for the defendant.

"February 1st, 1878.          EDWIN P. HAMMOND."

According to the special finding by the court of the facts, as above set forth, the employment of appellants by Dolan was not made under and by the authority of the order of the old board of school trustees, made May 31st, 1875. That order only authorized Dolan to employ the firm of appellants to prosecute the county auditor, for failing to pay over, ac- cording to law, the funds in his hands belonging to the school city, and did not authorize him to employ attorneys to com- mence a civil suit, to try the question as to who were the legal trustees of the school city of Logansport. The finding of the facts does not show that any *prosecution* was ever commenced. But a mandamus proceeding was commenced, the whole management of which, both in the circuit and the Supreme Court, clearly shows that the object of it was to determine who were the legal trustees. No other question was submitted to or considered by the Supreme Court. From the answer of the auditor, we gather that the only question with him was as to whom the warrant should be issued.

The old trustees had no right to use, nor to authorize

Dolan, their treasurer, to have used, the name of appellee for any such purpose. The employment of appellants was by the old trustees, and the services were rendered for their sole use and benefit.

We see no error in the conclusions of law by the court below.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and is hereby in all things affirmed, at the costs of the appellants.