## BARNES ET AL. *v.* BELL ET AL.

PRACTICE.—*Appeal.*—*Error.*—Where a complaint is sufficient, and judgment thereon has been taken on default, the question whether the judgment has been taken for too large a sum cannot be presented on appeal for the first time.

SAME.—*Amendment After Verdict.*—Where a promissory note includes the payment also of "all necessary expenses of collection," although there be no averment in a complaint on such note of what such expenses are, still, after verdict the amendment will be regarded as having been made, and the judgment will not be reversed for want of such averment.

APPEAL from the Grant Common Pleas.

DOWNEY, J.—The judgment in this case was for the appellees, the plaintiffs below, by default of the defendants, the appellants, on a promissory note, made by the defendants, by which they agreed to pay a specified amount of money, and "all necessary expenses of collection." Without any proceeding to set aside the default, or for relief against the judgment in the common pleas, the defendants have appealed to this court, and have assigned the following errors:

First. The complaint in said cause is insufficient to recover more than the note and interest.

Second. The judgment and finding in said cause are for a much larger sum than is due on the note in the complaint.

Third. Said judgment is for more than was authorized.

Fourth. The process in said cause is not made a part of the record.

The first, second, and third errors amount to the same thing; that is, that the judgment is too large. This might have been a good cause for setting aside the inquest of damages, but it is not a matter that can·be assigned for error in such a case as this. Had the complaint not stated facts sufficient to constitute a cause of action, the appellant might have assigned that as error, without first making a motion, or taking any other steps to be relieved from the judgment in the court below. *Strader* v. *Manville*, 33 Ind. 111.

But here the complaint was sufficient; but the point made is, that the amount of the judgment is too large. The objection is not well taken for the first time in this court. *Skeen* v. *Huntington*, 25 Ind. 510, and cases there cited.

The fourth assignment of error, which is, that the process is not set out in the record, is not true. The summons and return are in the record, and service was in time. The note on which the suit was brought provided, as we have seen, that the defendants should pay all necessary expenses of collection. The complaint, although it sets out the note, does not allege what were or would be the expenses of collection. It appears, by calculation, that an amount was allowed over and above the amount due on the note for principal and interest, which, we presume, was allowed for the expenses of collection, the attorney's fee. It was proper to include this amount in the judgment, if it had been alleged in the complaint. But the court might have allowed an amendment of the complaint in this respect; and we may treat it as made, and will not, under the circumstances, reverse the judgment. 2 G. & H. 278, sec. 580, and 118, sec. 99.

The judgment is affirmed, with five per cent. damages and costs.

*J. Brownlee* and *H. Brownlee,* for appellants.

*A. Steele* and *R. T. St. John,* for appellees.