## RICHARDSON ET AL. *v.* HOWK.

JUDGMENT.—*Review of.*—When the only ground of a complaint for a review of a judgment is error in the proceedings in which the judgment was rendered, no review can be had unless the error assigned is apparent on the face of the record and has not been waived.

SAME.—A failure to except, as a general rule, is a waiver of the error; and a bill of review cannot be used as a means of creating an exception in the first instance.

SAME.—The error must be an available one, else there is nothing to review.

SAME.—A bill of review for error of law appearing in the proceedings and judgment cannot be sustained, unless the errors are such that the Supreme Court would reverse the judgment on appeal.

SAME.—In a complaint for review for errors apparent on the record, no issuable question of fact can be presented. A demurrer raises a question of law for the court to decide, the same as a joinder of error on appeal. If the demurrer is overruled, the judgment is reversed, and the errors allowed, and no further answer is necessary. If the demurrer is sustained, it has all the effect of confirming the judgment, and terminates the suit.

SAME.—A release of errors, or any other matter which would bar an appeal, may be answered in defence to a bill for a review of errors of law appearing in the proceedings and judgment, but no issue of fact can be formed touching the merits of the original action on such a complaint.

SAME.—If a demurrer be filed to a bill to review a judgment on the ground of new facts, or facts newly-discovered, and the demurrer is overruled, it does not dispose of the case, and the defendant must answer.

DEMURRER.—Where a substituted answer has been filed, rulings upon a demurrer to the original answer present no question on appeal to the Supreme Court.

JUDGMENT.—*Modification of.*—A court may modify a judgment during the term at which it is rendered, and the parties are bound by the proceedings without notice of a motion to so modify the judgment.

UNAVAILABLE ERROR.—When a right result has been reached, a judgment will not be reversed because such result was not reached by the proper proceeding.

SURETYSHIP.—*Trial of Question of.*—One of several defendants who claims to be a surety may have that question determined in the trial of the action, or he may file his complaint for that purpose after the trial of the original case.

PRACTICE.—*Refusing Leave to File Answer.*—When leave to file an answer has been refused, the Supreme Court will presume in favor of the action of the lower court, unless by the record it appears to have been erroneous. The record should show that the defendant offered to file an answer appropriate to the complaint.

SAME.—*Special Finding.*—When a special finding is made by the court without the request of either party to the action, it will be treated as nothing more than a general finding.

From the Cass Common Pleas.

*D. P. Baldwin, T. S. Rollins,* and *F. Swigart,* for appellants.

*M. Winfield* and *S. T. McConnell,* for appellee.

OSBORN, J.—This is an appeal from a judgment on a bill of review. A complete record of the proceedings and judgment in the action was filed with the complaint and forms a part of the record in this appeal. We will examine those proceedings first. The original action was brought by Sarah Barr, administratrix of the estate of William Barr, against the appellants and appellee, upon a joint promissory note, made by them to William Barr, for one thousand one hundred dollars, dated June 23d, 1866, due one year after date without interest.

Richardson and Layton filed a demurrer to the complaint, but no action was had upon the demurrer. Then Howk filed a demurrer to the complaint for the want of sufficient facts, which was overruled, and an exception was taken.

Separate answers were filed by each of the defendants, consisting of several paragraphs, to some of which demurrers were filed. The rulings upon those demurrers need not be noticed; because the appellants filed no bill for a review, and the appellee by leave of court filed a substituted answer, to which a demurrer was filed and overruled. Issues of fact were formed. There was no issue of suretyship of Richardson. The cause was tried by the court who found for the plaintiff against all the defendants. And without any request by either party, the court made a special finding, which need not be set out. The following judgment was then rendered:

"It is therefore considered by the court, that the plaintiff do have and recover, of and from said defendants, said sum of five hundred and six dollars and sixty cents, together with the costs of this action, without any relief from valuation or appraisement laws, and subject to the redemption laws of 1861. And it is further ordered that execution be first levied of the property of the defendant Layton, then of defendant Richardson, as surety, and lastly, in case the

sheriff fails to make the whole amount of the judgment, interest, and costs, with all accruing interest and costs, that the residue so remaining unpaid be levied of the property of defendant Howk."

Richardson filed a motion for a new trial, which was overruled. He excepted, and time was given to file a bill of exceptions. None was filed.

Four days after the rendition of the judgment, but during the same term, Richardson moved the court in arrest of judgment as to his suretyship, which motion was sustained, and it was ordered that so much of the judgment as related to and declared his suretyship "be stricken out, arrested, and held for naught, and that said judgment stand as a judgment against all the parties jointly." No exception was taken to this action of the court. He then filed his complaint, alleging that he was the surety for Layton and Howk in the note, and demanded that the court so declare and order and direct that the proper directions be given to the sheriff to first exhaust the property of the other judgment defendants.

To that complaint the parties appeared, and Howk moved the court to strike it out, which motion was overruled, and he excepted. He then asked leave of the court to file an answer to the complaint, which was overruled, and he again excepted. And the court found that Richardson was surety as charged in his complaint, and it was ordered and declared "that execution be first levied of the property of the defendants Layton and Howk, to satisfy the judgment, interest, and costs." No motion for a new trial was filed, or objection made, or exception taken to the order of the court.

On the 30th of March, 1871, Howk filed his bill of review, assigning errors of the court in the proceedings of the original action. A motion was made to stay the execution, which was overruled. After other proceedings had, an affidavit was filed and motion made for a change of venue, which was granted. An amended complaint was then filed,

Richardson *et al. v.* Howk.

and the original one abandoned. Twelve errors are assigned in the amended complaint.

The first and second errors relate to the rulings of the court upon demurrers to an answer, for which a substituted answer was filed by him, and to which a demurrer was overruled. If the court had before erred, the error was then cured.

3 and 4. In sustaining the motion in arrest.

5. In rendering judgment against all of the parties jointly, when the motion in arrest was sustained.

6. The judgment when arrested should have been rendered so as to be levied first of the property of Layton and Richardson.

7. The judgment after motion to arrest is inconsistent with the findings of the court.

8. The court had no authority to reform the judgment, on sustaining the motion to arrest, but should have rendered judgment on request of the plaintiff in that suit or granted a new trial.

9. In allowing Richardson to file a motion to be declared a surety, and in refusing to strike out the same.

10. In refusing to allow Howk to plead on the question of suretyship.

11. By the findings of the court the property of Layton should be first made liable to the payment of the judgment; and after it was exhausted, then the property of Howk should be liable for the residue.

12. The judgment was contrary to law and the findings of the court.

Following the assignment of errors is a statement that the action of the court in sustaining the motion in arrest of judgment, and in rendering a new and different judgment, was had in the absence of Howk and his attorney, who supposed the case had been determined and settled upon the previous rulings and knew nothing of the new judgment rendered, until the same had been signed and formally entered, and

Richardson *et al.* *v.* Howk.

too late to except to the action of the court, so as to have the exceptions appear in the proper place.

The amended complaint was presented to the judge of the circuit court, who granted an order restraining the sheriff from selling the property on an execution issued on the judgment. We presume the judge had been appointed to preside by the judge of the common pleas, although the record fails to show it affirmatively.

Afterward Alfred Reed, judge of an adjoining common pleas district, was appointed to preside and did preside as judge in the case without objection by either party.

Barr, the plaintiff in the original action, appeared and filed an answer of two paragraphs. 1st. The general denial. 2d. That as to her interest, there was no error in the record that could in any way affect her rights of recovery in the judgment. A motion was made by the appellee to strike out the second paragraph of her answer, which was overruled, and an exception taken.

Richardson filed a demurrer to the complaint, on the ground that it did not constitute a cause of review as against him. The demurrer was overruled, and Richardson excepted.

Layton answered by a general denial.

Richardson filed an answer of five paragraphs. 1st. A general denial. 2d. That the note upon which the judgment was obtained was a joint note given for money borrowed by Layton and Howk; that he received no part of the money; that they were bound for the entire amount of the note in the first instance, and he, in case they failed to pay, as appeared in the record, and that it was manifest error in the court to hold him bound to pay before Howk; and he prayed that the judgment might not be disturbed as to him, basing the prayer upon certain propositions of law which he states in his answer.

3d. That no error was committed prior to December, 1870; that if any error was committed, the appellee was estopped from setting it up, because he was present, by attorney and in person, when the motion in arrest was made and deter-

mined, and took no exceptions to the rulings of the court.

4th. That the appellee was present by himself and attorney and made no objections and took no exceptions to the ruling of the court upon the question of arresting the judgment, and thereby waived the error, if any was committed.

5th. An assignment of cross errors, in this, in refusing to permit him to testify on the trial of the original case, averring that he offered himself as a witness to show in what capacity he signed the note, and that the court refused to permit him to so testify; that the court overruled his motion for a new trial; and that the court.permitted the appellee to testify.

A motion was made to strike out the second, third, fourth, and fifth paragraphs of Richardson's answer. That motion was overruled, and an exception taken. Separate demurrers were then filed to those paragraphs, because they did not state facts sufficient to constitute an answer to the complaint. The demurrer was sustained to the second and fifth paragraphs, and overruled to the third and fourth. Both parties excepted. A reply of general denial was then filed to the several answers of the defendants.

The record shows that the cause was submitted to the court for trial, who, after hearing the evidence, found for the plaintiff, the appellee; that the appellant Richardson filed a motion for a new trial, which was overruled; he excepted and moved the court in arrest of the judgment.

Layton made a special appearance and filed a motion for a new trial, which was overruled, and he again excepted.

Judgment was then rendered that all the proceedings in the original cause subsequent to the first judgment rendered on the 29th day of September, 1870, be set aside and held for naught, and the original judgment, a part of which was struck out and arrested on motion of Richardson, in all things reinstated and established, and the injunction restraining the levy and sale on the execution dissolved.

Richardson moved the court to set aside the last judgment, because the court determined the question of suretyship without any trial or proof on that question and without

any authority of law; because the court, in restoring the first judgment, put it beyond his power to avail himself of an error committed by the court in rendering that judgment; because the court committed an error in allowing Howk to testify that Richardson was simply the surety for Layton, and in refusing to let Richardson testify that he was the surety for both Howk and Layton. He also asked leave to have the question of suretyship between himself and Howk submitted to a jury. Whilst that motion was pending, he filed an affidavit, and the record states that he then moved to set aside the original judgment upon the question of suretyship and grant a new trial, which motion was overruled, and he excepted. This was the last entry in the case affecting Richardson.

Layton filed a motion to set aside the last judgment, because he was a resident of Illinois and he had no knowledge of the pendency of the suit until after the rendition of the original judgment, was not served with process, and did not authorize any one to appear for him. He filed affidavits in support of the motion. The motion was overruled, and he excepted. No bill of exceptions was filed, but the clerk has improperly copied several affidavits and a letter into the record.

The errors assigned question the several rulings of the court on the complaint for review.

The complaint for review was filed for error of law appearing in the proceedings, and not for new matter discovered since the rendition of the judgment. Unless the error assigned in the complaint was apparent on the face of the record, no review could be had. 3 Daniell Ch. Pr., 1727, and note 3. It must not only be apparent, but it must not have been waived. *Preston* v. *Sanford's Adm'r*, 21 Ind. 156; *Train* v. *Gridley*, 36 Ind. 241.

The same authorities show that a failure to except, as a general thing, is a waiver of the error. A bill of review cannot be used as a means of creating an exception in the first instance. The error must be an available one, otherwise there

is nothing to review.   We think it may be stated that a bill of review for error of law appearing in the proceedings and judgment cannot be sustained unless the errors are such that this court would reverse the judgment on appeal.

The judgment which the appellee sought to review was rendered upon a joint promissory note executed by himself and the appellants, upon a general finding for the plaintiff for the amount due upon the note.   The judgment as first rendered was a special one, directing that the execution issued upon it should not be levied upon the property of the appellee, until that of the appellants was first exhausted. During the same term, that judgment was modified so as to make it an ordinary judgment against all of the defendants, and striking out all directions about levying the execution. No exceptions were taken to that action of the court.

The first and second errors assigned in the bill of review have already been disposed of.  The third, fourth, fifth, sixth, seventh, and eighth relate to the action of the court in modifying the judgment.   It is claimed by the appellee that the action was erroneous, and that he did not waive the error by failing to except, because he was not present and had not notice of the motion.   It was held in *Burnside* v. *Ennis,* 43 Ind. 411, that a party was bound by proceedings of the court during the term at which judgment was rendered, without notice, and besides, the appellee appeared to the action during the same term after the judgment had been modified, and made no objection or motion to reinstate or modify the judgment.

The motion in arrest was not the proper motion after the judgment had been rendered.   The motion should have been to modify the judgment to correspond to the finding of the court.   Although the appellant Richardson, by failing to except to the judgment at the time of its rendition, waived the error, he did not thereby waive the right to move to have it modified.   On his motion in arrest, the court modified the judgment, and as modified, it was right and the only

proper judgment to be rendered on the finding. The right result was thus reached.

The court committed no error in allowing Richardson to file his motion or complaint to be declared a surety. Such complaint may be filed at any time before or after the trial of the main action. 2 G. & H. 308, sec. 674. It is an issue in which the plaintiff in the action has no interest, and the proceedings shall not affect his proceeding. Sec. 674, *supra*.

The tenth assignment in the bill of review relates to the action of the court in overruling the motion of the appellee for leave to file an answer to the complaint of Richardson to be declared a surety. We must presume in favor of the action of the court, unless, by the record, it appears to have been erroneous. The record does not show by bill of exceptions or otherwise, that the appellee offered to file an answer, or if he offered to file one, what it was, or what issue it tendered. We cannot say that the court committed an error by refusing the leave asked, when it does not appear that the appellee offered to file a legitimate answer. We think the record should show that he offered to file some appropriate answer to the complaint.

The eleventh and twelfth assignments were not available. The judgment, as modified, was the only proper one on the finding. They were predicated upon a special finding under section 336, 2 G. & H. 205. But inasmuch as it was not made at the request of either party, it will be treated as nothing more than a general finding. *Nash* v. *Caywood*, 39 Ind. 457.

There was no available error appearing in the proceedings and judgment, and the court committed an error in rendering judgment for the appellee on his complaint for review.

As we have said before, the bill of review was filed for errors of law appearing in the proceedings and judgment. No issue of fact was tendered. The only question was, whether there was available error apparent on the face of the record. The averment that the appellee was not present

when the judgment was modified, as we have seen, was an immaterial one, and did not purport to be new matter discovered since the rendition of the judgment. It was during the same term at which the judgment was rendered, and the record shows that he appeared during that term, after the modification of the judgment, made no objection, took no exception to the action of the court in making the modification, and made no effort to correct the judgment.

The parties made up and tried the issues on the complaint as in an ordinary action. This was wrong. A demurrer would raise a question of law for the court to decide, the same as a joinder in error on appeal. "If a demurrer be put in to a bill to reverse a decree on error apparent, and the demurrer is overruled, the decree is reversed and the errors allowed, and no further answer or hearing is necessary. If the demurrer is allowed, it has all the effect of confirming the decree, and terminates the suit." 2 Daniell Ch. Pr. 1636–7; 2 Smith Ch. Pr. 55–6. "If a demurrer be put in to a bill of review, on the ground of new facts, or facts newly-discovered, and the demurrer is overruled, it does not dispose of the cause, and the defendant must answer, because fact is at issue." 2 Daniell Ch. Pr. 1643; 2 Smith Ch. Pr. 63.

Release of the error or any other matter which would bar an appeal might be answered in defence to a bill for review for errors of law appearing in the proceedings and judgment, but no issue of fact can be formed touching the merits of the original action on such a complaint. It is in the nature of a writ of error. *Coen* v. *Funk,* 26 Ind. 289. Its object is to procure an examination and alteration or reversal of a judgment upon a former complaint on account of errors of law apparent on the face of the record, and the question must be determined by the record itself. *McDade* v. *McDade,* 29 Ind. 340.

The judgment is reversed, with costs; the cause is remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.