## McCORMICK ET AL. *v.* SPENCER.

PRACTICE. — *Form of Judgment.* — A person cannot object to the form of a judgment against him for the first time in the Supreme Court.

From the White Circuit Court.

*A. W. Reynolds, E B. Sellers, W. C. Wilson* and *J. H. Adams,* for appellants.

*R. Gregory, J. Dague* and *C. D. Jones,* for appellee.

DOWNEY, C. J. — This was an action by the appellee against the appellants. The complaint is long and need not be set out in full. The plaintiff and the defendant McCormick had mutual accounts against each other, and agreed to submit the adjustment of them to arbitrators mutually chosen. The arbitrators made an award of a small amount in favor of McCormick. Spencer had also assigned or conveyed to McCormick certain property, with which to pay his creditors. McCormick had paid certain judgments against Spencer, and had them assigned to himself, and then he had assigned them to McAfee, his co-defendant.

The complaint in this case sought to set aside the award of the arbitrators, on the ground of the intoxication of Spencer when the submission was entered into and the award made, and, for other reasons, to set aside the assignments of the judgments to McAfee, and to recover judgment against McCormick for the amount claimed to be due from him to Spencer on a settlement of their accounts.

McCormick *et al. v.* Spencer.

McCormick answered:

1. A general denial.

2. Set-off.

3. Setting up the submission and award.

Reply in denial. McAfee answered by a general denial. Trial by jury. Verdict for the plaintiff. Motions of the defendants for a new trial and in arrest of judgment overruled, and judgment on the verdict.

Two errors are alleged:

1. Overruling the motion for a new trial.

2. Refusing to arrest the judgment.

It is urged that the only relief the plaintiff was entitled to was to have the submission and award set aside, and the assignment of the judgments to McAfee cancelled. We do not think so. The complaint set forth the cause of action against the defendant McCormick in favor of the plaintiff on his account, to which McCormick pleaded a set-off. It was proper that the jury should find, and that the court should render judgment for, the amount due the plaintiff upon a settlement of the accounts between them.

There was nothing in the complaint and verdict to justify the rendition of a judgment for money against McAfee. The complaint did not ask judgment for money against McAfee, but only against McCormick. But he made no objection to it, nor any separate motion to arrest it, or any motion to amend or change it. It was probably an oversight in rendering judgment for the amount of money found due from McCormick against both him and McAfee. The question must, however, be presented to the court below, and an exception taken to its action, before there is anything for us to decide. As the case stands, we must affirm the judgment. Nothing is presented under the first assignment.

The judgment is affirmed, with three per cent. damages and costs.

Opinion filed May term, 1876; petition for a rehearing overruled November term, 1876.