Searle *v.* Whipperman *et al.*

No. 8802.

## SEARLE *v.* WHIPPERMAN ET AL.

PRACTICE.—*Judgment.—Default.—Appeal.—Review of Judgment.*—An appeal may be taken, or a bill to review will lie, from a judgment taken by default without first making a motion to set aside the default.

SAME.—*Motion to Set Aside Default.*—No question that depends upon a motion to set aside a default or to modify the judgment will arise upon an appeal, or upon a bill to review, unless such motion was made. The bill itself will not subserve such purpose.

MORTGAGE.—*Complaint.—Foreclosure.—Judgment.*—A complaint to foreclose a mortgage and to recover a personal judgment is sufficient, if the facts averred authorize the foreclosure, though they do not authorize a personal judgment.

SAME.—*Assignment of Error.—Practice.—Personal Judgment.—Review of Judgment.*—When a personal judgment is rendered upon such complaint, an assignment of error, that the complaint does not state facts, etc., either upon appeal or upon a bill to review, presents no question as to the judgment. If the complaint is sufficient for any purpose, it is sufficient to withstand such assignment, and the remedy for such error is by motion to modify or correct the judgment. *Berkshire* v. *Young,* 45 Ind. 461; *Davidson* v. *King,* 49 Ind. 338; *Emmett* v. *Yandes,* 60 Ind. 548, modified.

PLEADING.—The character of a pleading must be determined by its averments and not by the name given it.

SAME.—*Parties.— Vendee of Mortgagor.*—In an action to foreclose a mortgage, the vendee of the mortgagor is a proper and necessary party, if he accepts the conveyance, though he does not take possession, of the property.

From the Cass Superior Court.

*S. T. McConnell* and *T. J. Tuley,* for appellant.

*J. M. Justice,* for appellees.

BEST, C.—One William W. Haney brought an action to foreclose a mortgage against Nathan Ridenger and others, to which proceeding he made the appellee Whipperman a party as the holder of a subsequent mortgage, and the appellant a party as the owner of the equity of redemption. Thereupon the appellee Whipperman filed a cross complaint to foreclose a mortgage upon the same premises made by Ridenger against him and others and against the appellant as the owner of the property, and to recover a personal judgment against him upon

his assumption of the debt. Process was served, and subsequently, upon default, judgment of foreclosure and a personal judgment over, without relief, etc., were rendered against him. The appellant afterward brought this action to review that judgment. The appellee Whipperman demurred to the complaint for want of facts, and the court sustained the demurrer. This ruling is assigned as error, and presents the only question in the record.

The ground upon which the appellant sought to review the judgment was, that the complaint of Whipperman did not state facts sufficient to authorize a personal judgment against him. The complaint was as follows:

"Comes now Henry Whipperman, one of the above named defendants, and, for answer by way of cross bill, says that on the 9th day of October, 1866, Nathan Ridenger, one of the defendants, by his promissory note, a copy of which is herewith filed, marked Exhibit 'A,' and made a part of this complaint, promised to pay one Nancy Butt five hundred dollars ($500); that said Nancy Butt assigned said note to said Henry Whipperman; that there is now due on said note and wholly unpaid the sum of seven hundred dollars; that a certain mortgage was given by said Ridenger to secure said note, a copy of which is herewith filed, marked 'Exhibit B,' and made a part of this complaint. The defendant further avers in his cross bill, that said Ridenger and wife sold the property described in the mortgage, above referred to, to Frank Searle, one of the above named defendants; that, in said sale to said Searle, said Searle expressly agreed with said Ridenger and wife in said sale and transfer to said Searle, that he, said Searle, would personally stand responsible to said Whipperman, and would pay said Whipperman said sum of five hundred dollars, a copy of which agreement and deed is herewith filed, marked 'Exhibit C,' and made a part of this cross bill and complaint. This defendant further avers that said Nancy Butt was at the time of signing the note to this plaintiff, and has been ever since, wholly insolvent. Wherefore," etc.

Searle *v.* Whipperman *et al.*

The judgment, as before stated, was taken by default, and the sufficiency of this complaint was not tested by demurrer, nor was there a motion to modify the judgment or to set aside the default.

An appeal may be taken from a judgment rendered by default without first making a motion to set aside the default. *Cochnower* v. *Cochnower*, 27 Ind. 253; *Monroe* v. *Strader*, 33 Ind. 111.

As a bill to review a judgment for error apparent of record is in the nature of an appeal, such bill will lie without a motion to set aside the default. Each is a proceeding to review a judgment, and any question that arises upon an appeal may be reached by a bill to review, and any question that does not arise upon an appeal can not be reached by proceedings to review. In this respect they are precisely alike. In neither can any question arise that depends upon a motion to set aside a default or to modify the judgment, unless such motions were made. In this case no motion was made, either to set aside the default or to modify the judgment. Nor was the complaint tested by a demurrer. The omission to do so, however, did not waive the objection that the court had no jurisdiction of the subject-matter of the action, or that the complaint did not state facts sufficient to constitute a cause of action. 2 R. S. 1876, p. 59, sec. 54.

All other objections were waived, and, as there is no question as to the jurisdiction, the only question the appellant can raise is whether the complaint of Whipperman stated facts sufficient to constitute a cause of action. This he could raise upon an appeal to this court by an assignment of error, and he can do the same thing by a bill to review in the lower court. By either mode, however, the same question is presented, and that is whether the complaint states facts sufficient to constitute a cause of action. If it does, the judgment for such cause can not be reversed upon an appeal to this court, nor upon proceedings to review. Does the complaint state facts? It avers, in substance, the execution of the mortgage, the maturity and

non-payment of the note, the sale and conveyance of the property embraced in the mortgage to appellant, who promised to pay the mortgage debt. These facts constituted a good cause of action against appellant for a foreclosure of the mortgage. *Martin* v. *Noble,* 29 Ind. 216 ; *Bowen* v. *Wood,* 35 Ind. 268 ; *Bayless* v. *Glenn,* 72 Ind. 5.

The complaint was good as against a demurrer for want of facts, and of course is good as against an assignment of error for such reason, whether made upon an appeal or by a complaint to review. Indeed, the objection urged against the complaint could not have been reached by a demurrer for want of facts, and we think it may be safely asserted that no objection can be raised by such an assignment of error, either upon appeal or upon a bill to review, that could not have been raised by a demurrer. The fact, that the objection could not have been reached by demurrer, shows very clearly that some other remedy should have been adopted. In fact, the real objection is not that the complaint does not state facts sufficient to constitute a cause of action, but that an unauthorized judgment followed a complaint sufficient to entitle the appellee to some other relief. How shall this wrong be remedied? Not by an assignment of error upon appeal or by bill to review, that the complaint does not state facts, as this question is not determined by the judgment that follows, but by the facts averred. If they entitle the party to any relief, the complaint does state facts, and the objection can not be sustained. The remedy is by motion in the court below to modify or correct the judgment. In *Barnes* v. *Wright,* 39 Ind. 293, a judgment by default was rendered for a greater sum than was authorized by the complaint, and upon appeal this court said : " Where the defendant has been brought into court, and has suffered a judgment to be rendered against him by default, he can not appeal to this court for the correction of any supposed error in the judgment, without having first applied to the court below for the correction." The same was decided in *Barnes* v. *Bell,* 39 Ind. 328, and in a number of other cases.

Had the appellant appealed directly to this court he could. not have obtained a correction of the judgment without having first applied to the lower court for its correction, and, as a. bill of review is in the nature of an appeal, it must follow that he can not accomplish by one mode that which he could. not accomplish by the other. *The Indiana, etc., Fire Ins. Co.* v. *Routledge,* 7 Ind. 25; *Hardy* v. *Chipman,* 54 Ind. 591. A party may adopt either remedy, but can not pursue both. *Dunkle* v. *Elston,* 71 Ind. 585. The adoption of one is a waiver of the other. This is because a party may accomplish by one precisely what he can by the other—nothing more and nothing less. As the appellant could not, in the absence of a motion to correct the judgment, correct it upon appeal, he can not,, in the absence of such motion, do it upon a bill to review. In *Richardson* v. *Howk,* 45 Ind. 451, this court said: "We think it may be stated that a bill of review for error of law appearing in the proceedings and judgment can not be sustained unless the errors are such that this court would reverse. the judgment on appeal."

We have shown that the alleged error would not reverse' the judgment upon appeal, as the record is presented, and, therefore, can not upon a bill to review. The latter can not .be regarded as a motion to correct the judgment, as the court sits as a court of error, and the proceeding to review can not be used as a means of creating an exception in the first instance. *Richardson* v. *Howk,* 45 Ind. 451. If the error is. not. apparent of record before the bill is filed, the bill itself can not create it.

We are aware that this conclusion does not seem in entire harmony with the cases of *Berkshire* v. *Young,* 45 Ind. 461, *Davidson* v. *King,* 49 Ind. 338, and *Emmett* v. *Yandes,* 60· Ind. 548.

In neither of the above cases was the point here decided discussed. The cases of *Berkshire* v. *Young* and *Emmett* v.. *Yandes* were actions to review judgments because the complaints in foreclosure proceedings were not sufficient to au-

thorize a personal judgment. In this respect they were precisely like this case. In the former case it was held that the objection that the complaint did not state facts was not waived, and that such objection might be urged upon a bill to review. The court, without adverting to the fact that the complaint was brought to foreclose a mortgage, considered it simply as a complaint for a personal judgment, and held that it was insufficient. Assuming that such complaint was sufficient to entitle the party to a foreclosure, but not to a personal judgment, it seems clear to us that a demurrer to the complaint for want of facts would be unavailing, and if the party sought to avoid such judgment he must adopt some other remedy. Jordan v. D'Heur, 71 Ind. 199. It is equally clear to us, that, if a demurrer for want of facts would in such case be unavailing, an assignment that the complaint does not state facts either upon an appeal or upon a bill to review would be alike unavailing. Teal v. Spangler, 72 Ind. 380.

A complaint upon demurrer, or upon an assignment of error that it does not state facts, can not be considered good for one purpose and bad for another. It is either good or bad. If good for any purpose it is not bad. In the case of Emmett v. Yandes, the same view was taken, but in neither of them was the question here decided discussed or passed upon. We think these cases should be modified so as to conform to the views here expressed.

The appellant also insists that the complaint does not entitle the appellee to any relief as it is only an answer to the complaint of Haney "by way of cross bill." This objection, we think, is not well taken. The pleading commences, "for answer by way of cross bill." But the character of a pleading must be determined by its averments and not by the name given it. The facts averred did not constitute an answer to the complaint of Haney, but a complaint against the appellant. Campbell v. Routt, 42 Ind. 410.

It is also insisted that it does not appear from the complaint, that appellant ever accepted the deed of Ridenger or

took possession of the property. It was not necessary for him to take possession of the property. If he accepted the conveyance, he was a proper and necessary party to the foreclosure proceeding. While the complaint is subject to some criticism, we think, fairly construed, it avers that Ridenger conveyed the property to appellant, and that this fact was sufficiently averred.

Having reached the conclusion that the complaint was sufficient at least to entitle the appellee to a foreclosure of his mortgage, and, as the alleged error in the rendition of the judgment in such case can not be reached by an assignment of error that the complaint does not state facts, whether made upon appeal or by bill to review, it becomes unnecessary to notice the various reasons urged why the complaint was not sufficient to authorize a personal judgment. For these reasons we think the demurrer was properly sustained to the complaint for review, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.