No. 7820.

## TACHAU ET AL. *v.* FIEDELDEY ET AL.

REVIEW OF JUDGMENT.—*Default.*— *Waiver of Objection.*—*Practice.*—A complaint to review a judgment for error appearing by the record thereof is, in effect, the same as an appeal to the Supreme Court, and no error, not available upon appeal, can be reached thereby. If a judgment be taken by default without exception, and upon due notice to the party, he must first apply, in the cause, for relief from error, else his assent thereto will be inferred, and he can raise no question by review.

SAME.—*Complaint.*—Less than the whole complaint can not be attacked for insufficiency for the first time by complaint to review.

From the Marion Superior Court.

*H. Dailey* and *W. N. Pickerill,* for appellants.

*T. E. Johnson,* for appellees.

MORRIS, C.—This action was brought by the appellants to review a judgment rendered in the superior court of Marion county, on the 3d day of July, 1876, in favor of the appellee John O. Fiedeldey, against appellants and others, for errors apparent upon the face of the proceedings sought to be reviewed.

It appears from the complaint that the appellant, on the 2d

day of May, 1874, obtained a judgment against Morgan B. Shaw and Frank S. Newby, in the superior court of Marion county, for the sum of $732, and that execution was issued thereon, returned *nulla bona.*

On the 2d day of June, 1874, they, the appellants, commenced an action in said superior court, against Morgan B. Shaw, Frank S. Newby, Victoria Shaw, William A. McCormick and Anderson Brewer, to set aside as fraudulent certain conveyances of real estate, alleged to have been bought by Morgan B. Shaw and Frank S. Newby, as partners, with their firm assets, of William A. McCormick, and which they caused McCormick to deed to Victoria, the wife of Morgan B. Shaw, to prevent the same from being reached by the creditors of said Shaw and Newby, and especially for the debts of Tachau and Wehle, and that afterwards Morgan B. Shaw and wife conveyed it to Anderson Brewer without consideration, in furtherance of the same fraudulent purpose.

Newby, the partner of Shaw, in his answer, admitted the truth of the complaint; and, on the 11th day of January, 1875, the court rendered judgment, finding said conveyances fraudulent, that the real estate was the real estate of M. B. Shaw & Co., and directing the sheriff to sell it, and out of the proceeds to satisfy Tachau and Wehle's debt, and to bring any excess into court to await its order. On the 3d day of April, 1875, the real estate was sold under this judgment, and bid in by Tachau and Wehle for their debt and costs, and a certificate of purchase issued to them.

On the 2d day of June, 1874, the appellee John O. Fiedeldey obtained judgment for the sum of $658.26 against Morgan B. Shaw and Frank S. Newby as a firm, in the superior court of Marion county, and execution having been returned *nulla bona,* on the 5th of December, 1874, Fiedeldey commenced an action in the superior court of Marion county, against Morgan B. Shaw, Frank S. Newby, Victoria Shaw, William A. McCormick and Anderson Brewer, to set aside as fraudulent the same conveyances that appellants Tachau and Wehle had

commenced their action to set aside as fraudulent in June of the same year. Fiedeldey's complaint was in two paragraphs.

On the 3d day of June, 1875, after appellants had obtained their judgment setting aside said conveyances as fraudulent, and after they had had a sale thereunder and received their certificates of purchase, Fiedeldey filed a third paragraph of complaint, in which he recited the facts recited in the first and second paragraphs, and, having made appellants parties to his action, in this third paragraph he also sets up that appellants had obtained a judgment setting aside the same conveyances he was seeking to set aside and had a sale thereunder, and received a certificate of purchase for the real estate in controversy; and in addition to asking that the conveyances attacked in the first and second paragraphs might be set aside, he also asked that appellants' sheriff's sale of the land might be set aside for irregularities specified in this third paragraph, and that the sheriff be enjoined from delivering a deed on the certificate of purchase which he had given to appellants. In that action these appellants were served by publication and defaulted.

On the 3d day of July, 1876, more than a year after appellants had obtained their judgment setting aside the conveyances of Shaw, Newby and others as fraudulent, the court rendered judgment, setting aside as fraudulent the conveyances it had already set aside as fraudulent in appellants' action, and, in addition thereto, it set aside the sheriff's sale which appellants had had on their judgment, and enjoined the sheriff from delivering appellants a deed on their certificate of purchase. This judgment provided that the real estate in controversy should be sold as the real estate of Shaw and Newby, and that the proceeds of the sale should be applied to the payment of judgments against Shaw and Newby in the order in which they had been taken, to wit: William B. Maddox, April the 7th, 1874, $1,144; Charles Tachau et al., May the 2d, 1874, $732; John O. Fiedeldey, June 2d, 1874, $658. 26. The superior court in general term, on the 5th of March, 1877,

modified this judgment, by directing that Fiedeldey be first paid out of the proceeds of the sale of said real estate, because of his superior diligence in first bringing his action to subject said real estate to the payment of the debts of Shaw and Newby. Copies of the pleadings, orders and judgment in the case sought to be reviewed, were filed with the complaint.

The error assigned in the complaint of the appellants is, that the court, in the action sought to be reviewed, erred in ordering Fiedeldey's judgment to be first paid out of the proceeds of the real estate adjudged liable to be sold to pay the debts of Shaw and Newby; that the fraudulent conveyances, by which Shaw and Newby had attempted to place said real estate beyond the reach of their creditors, were first set aside, and declared fraudulent in the suit instituted in said superior court by the appellants; and that, as this fact appeared in Fiedeldey's complaint in the suit commenced in said court by him for the same purpose, and sought to be reviewed in this action, the court should have held that the appellants were entitled to priority, and directed that their judgment against Shaw and Newby be first paid out of the proceeds of the sale of said real estate. The prayer is, that the judgment be so modified and corrected as to give the appellants priority over the other creditors of Shaw and Newby.

To this complaint there was a demurrer, which was sustained. The cause was taken by appeal to the general term. The sustaining of the demurrer was assigned as error; the judgment in special term was affirmed; the error assigned here is the affirmance in general term of the judgment in special term.

To the action sought to be reviewed, the appellants made default. It does not appear that any objection was made by them to the judgment rendered in that case. They were not present at the time, nor is it shown that they have at any time since, by motion or otherwise, asked the court below to correct the errors complained of. The complaint to review the judgment is the first step taken to correct the alleged error.

The proceedings under review were had against the appellants upon their default. No objection to them was made or exception taken. Can the appellants avail themselves of the alleged error by a complaint to review? Can they, by filing such a complaint, make the action of the court below erroneous, without objection or exception, and without giving the court an opportunity to correct the error, if there was any?

A complaint to review a judgment for error apparent upon the face of the proceedings is, in effect, the same as an appeal to this court. No error in the court below, not available on appeal, can be reached or brought before the court on a complaint to review. *Barnes* v. *Wright*, 39 Ind. 293; *Barnes* v. *Bell*, 39 Ind. 328; *The Indianapolis Mutual F. Ins. Co.* v. *Routledge*, 7 Ind. 25. In the last case, the court says: "That the mode of procedure and judgment, on review, in the circuit court, is in effect the same as on appeal in this court." *Hardy* v. *Chipman*, 54 Ind. 591; *Richardson* v. *Howk*, 45 Ind. 451; *Dunkle* v. *Elston*, 71 Ind. 585; *Searle* v. *Whipperman*, 79 Ind. 424.

These cases show that a proceeding to review a judgment for error apparent upon the face of the proceedings is the same in effect as an appeal, and that no error of the court below is available in proceedings to review that is not available on appeal; that an error deemed to be waived on appeal, will be regarded as waived on review.

In the case of *Barnes* v. *Wright*, *supra*, the court says: "Where the defendant has been brought into court, and has suffered a judgment to be rendered against him by default, he cannot appeal to this court for the correction of any supposed error in the judgment, without having first applied to the court below for the correction." In this case, the appellants, not having objected or complained of the alleged errors in the court below, must be deemed to have waived them. The priority given to Fiedeldey in the judgment under review was not, in the absence of any objection or exception, erroneous. Such a judgment would be binding and valid if assented to by

Tachau *et al.* *v.* Fiedeldey *et al.*

the parties.    No objection having been at any time made, such assent will be presumed.    *Richardson* v. *Howk, supra;* Iglehart's Pl. and Pr. 452.

The complaint does not show that there is any available error in the judgment and proceedings sought to be reviewed. The judgment below should be affirmed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.

### On Petition for a Rehearing.

Morris, C.—The counsel for the appellant have filed a very earnest petition for a rehearing in this case.    They insist that the error by them assigned is, that the complaint in the action sought to be reviewed does not contain facts sufficient to constitute a cause of action, and that in deciding the case this was overlooked by the court.    Such an assignment would bring before the court the sufficiency of the complaint.

We have again carefully examined the record, and have been unable to find any error assigned, calling in question the sufficiency of the complaint.

An assignment of error, either upon appeal to this court or in a bill of review, for insufficiency of facts, which questions less than the whole complaint, is insufficient.    *Reyman* v. *Mosher*, 71 Ind. 596; *McCallister* v. *Mount*, 73 Ind. 559; *Wagner* v. *Wagner*, 73 Ind. 135.    The complaint must be questioned as a whole; it is not enough to question one of several paragraphs.    And it has been held at this term, in the case of *Searle* v. *Whipperman*, that such an assignment will be unavailing, if the complaint entitles the party to any relief.

In the complaint to review, it is stated that there is error in the finding and decree sought to be reviewed, in this, that by the decree John C. Fiedeldey was adjudged, for certain reasons stated, to have the first lien, to be first paid out of the proceeds of certain real estate, the title to which had been

fraudulently conveyed by the judgment debtors, which conveyances were, in said action, set aside as fraudulent. The complaint then proceeds to state, in substance, that it appeared upon the face of the third paragraph of Fiedeldey's complaint, that the appellants had obtained a judgment against Shaw and Newby before Fiedeldey had obtained his judgment; that they had also instituted a suit in the superior court to enforce their judgment against the real estate described in Fiedeldey's complaint, before Fiedeldey had commenced the suit sought to be reviewed; that in such suit the appellants obtained against the proper parties a decree setting aside, as fraudulent, the conveyances set aside by the decree under review, and an order directing its sale for the satisfaction, first, of their judgment against Shaw and Newby; that these facts were all apparent upon the face of the third paragraph of Fiedeldey's complaint. It is alleged that the court, in the action sought to be reviewed, should have found that the appellants' judgment was the first lien, and by its decree it should have ordered it to be first paid out of the proceeds of the real estate ordered to be sold.

The prayer is that the decree sought to be reviewed be reversed; that the appellants have a finding and decree in their favor; that their judgment against Shaw and Newby, in conformity with the facts stated in the third paragraph of Fiedeldey's complaint, be declared the first lien upon, and ordered to be first paid out of, the real estate ordered to be sold.

It is clear that this assignment does not question the sufficiency of the complaint in the action sought to be reviewed. It does not refer to the first paragraph of the complaint at all. Had the decree given the appellants the first lien, they would, doubtless, have been satisfied. They complain because the court did not do this. But should it be admitted that the complaint to review does question the sufficiency of the third paragraph of Fiedeldey's complaint, it can not be pretended that it in any way calls in question the first. The appellants are made parties to the first paragraph and alleged to be judg-

ment creditors of Shaw and Newby. This paragraph was abundantly sufficient to entitle Fiedeldey to some relief. Counsel say that the appellants were not notified of the pendency of the suit sought to be reviewed until after the third paragraph of Fiedeldey's complaint was filed, and were called into court to answer it alone. The record which they have brought into this court does not show these facts. They were made parties to the first complaint filed, and, in the absence of anything to the contrary, they will be presumed to have been in court to answer as to the whole complaint.

If, as the appellants have stated in their complaint, the court below erred in adjudging Fiedeldey entitled to priority, and in not holding that the appellants were entitled to such priority, the error could not be corrected by a proceeding to review, or by appeal to this court, without first giving the court below an opportunity to correct it.

There is nothing in the opinion in this case in conflict with the rulings of the court in *Odell* v. *Carpenter*, 71 Ind. 463. There was no error in taking the default against the appellants—it was properly taken. A motion to set it aside could not, therefore, present any error to the court below for correction. Nor is the case of *Odell* v. *Carpenter*, in conflict with *Barnes* v. *Wright*, 39 Ind. 293. In the latter case, there was no motion to set aside a default, nor was anything said in the opinion about a default. The court below had erroneously rendered judgment for too much—entered a wrong judgment, which was sought to be corrected on appeal. This, the court held, could not be done without first giving the court below an opportunity to correct the judgment. This was all and precisely what the court decided. No such question was presented or decided in the case of *Odell* v. *Carpenter*. It had been held long before the case of *Barnes* v. *Wright* was decided, that it was not necessary to move in the court below to set aside a default in order to take an appeal. Indeed, where the default had been, as in the case of *Barnes* v. *Wright*, properly taken, it would be nonsense to make such a

motion, for it would necessarily be unavailing. But a wrong judgment may be rendered against a party properly defaulted. Where such is the case, the party against whom the error has been committed must, in a proper way, present it to the court which made the error, for correction. This, as we understand the rulings of this court, can not be done in the first instance by a complaint to review.

In the case of *Searle* v. *Whipperman*, the case of *Berkshire* v. *Young*, 45 Ind. 461, is modified; as modified, it is in harmony with the opinion in this case.

The petition should be overruled.

PER CURIAM.—Petition overruled.