The American Insurance Company v. Gibson et al.

No. 12,271.

THE AMERICAN INSURANCE COMPANY v. GIBSON ET AL.

PLEADING.—*Complaint.*—*Transcript of Judgment.*—*Lien on Real Estate.*—*Foreclosure of Lien.*—*Defence or Disclaimer.*—A complaint, averring that the plaintiffs became the owners of certain real estate through the foreclosure of a mortgage executed in 1874, and the purchase of the same by the plaintiffs' ancestor on the sale under the decree in 1879; that in 1877 the defendant filed a transcript of a judgment against the mortgagor in

the office of the clerk of the circuit court of the proper county, and the same became a junior lien upon the real estate covered by the mortgage, and praying that said judgment lien be foreclosed and forever barred, etc., sufficiently shows that the defendant was asserting such a lien or claim against the land as called for a defence or disclaimer.

JUDGMENT.—*Filing Transcript in Clerk's Office.—Justice of the Peace.—Lien. —Notice.*—As between parties to a judgment before a justice and others with actual notice, a transcript thereof is a lien on the real estate of the defendant in the county from the time of its filing in the clerk's office.

PRACTICE.— *Defect of Parties.— Demurrer.— Answer.*—A complaint which does not show upon its face that there is a defect of parties is not bad on demurrer for that cause, and if such defect exists it should be shown by answer.

REVIEW OF JUDGMENT.—*Practice Same as on Appeal.*—The errors that may be made available in an action to review a judgment are the same that may be made available on appeal from the judgment.

SAME.— *Objections to Judgment Must be Made in Trial Court.—Default.*—If no objection be made to a judgment, and no motion made to modify it in the trial court, no objection can be made available upon appeal, nor in an action to review, however erroneous the judgment may be; and this rule has been applied to cases where judgment was rendered by default.

From the Marion Superior Court.

*W. H. Ripley,* for appellant.

*F. Rand* and *J. M. Winters,* for appellees.

ZOLLARS, J.—On the 21st day of September, 1882, appellees filed a complaint in the court below against appellant. The substantial averments of that complaint may be epitomized as follows: In April, 1874, William John Wallace was the owner of a tract of land, of thirty-seven $\frac{28}{100}$ acres, and mortgaged it to Andrew Wallace to secure a loan of $5,000, evidenced by five promissory notes. The mortgage was duly recorded, and after record, together with the notes, was duly assigned to John Wymond. Payment not having been made according to the stipulations in the notes and mortgage, Wymond foreclosed the mortgage in April, 1879, and recovered a personal judgment against the mortgagor for the amount of the notes due. The land was sold under the decree on the 7th day of June, 1879, was purchased by Wymond, and he

received the proper sheriff's certificate. Wymond died before the expiration of the year allowed for redemption. After the expiration of that year, the sheriff made a deed to Wymond's heirs at law, whereby they became the owners of the land. Wymond, at the time of his death, owned other parcels of real estate. The Wymond lands and real estate were partitioned among his heirs after the making of the above mentioned deed, and the real estate embraced in that deed was set off to the heirs, Tycie W. Gibson, Charles F. Wymond and Harvey A. Wymond, appellees herein. It was further averred in the complaint, that, on the 1st day of August, 1877, the defendant filed a transcript of a judgment in the clerk's office of the Marion Circuit Court against said William John Wallace, taken before T. P. Miller, a justice of the peace, on April 11th, 1877, for the sum of $85.50 and costs, and that the same became a lien upon said real estate junior to said mortgage of William John Wallace and wife to Andrew Wallace and assigned to said John Wymond, but said defendant was not made a party to the said foreclosure suit of said John Wymond against said William John Wallace and others aforesaid, and said judgment lien was not foreclosed in said suit. "Wherefore plaintiffs demand judgment that said judgment lien be now foreclosed and forever barred, and they ask for all proper relief." Copies of the notes and mortgage were filed with that complaint.

To that complaint appellant filed the following demurrer: "Comes now the defendant and demurs to the plaintiffs' complaint herein, and for cause says: It does not state facts sufficient to constitute a cause of action against this defendant. And, also, for a defect of parties plaintiffs, in that the administrator of John Wymond, or all his heirs at law, are not joined either as plaintiff or defendants." The demurrer was overruled and the defendant, appellant herein, excepted. A rule for an answer having been entered, and the defendant, with knowledge of the rule, having neglected to comply with it, was defaulted for want of an answer.

The American Insurance Company v. Gibson et al.

At the same term of court and on the 29th day of November, 1882, the cause was submitted to the court, and the court found that the defendant had the right to redeem the land covered by the mortgage, and to make such redemption by paying into court within ten days the sum of $5,650, and entered a judgment that if that amount should be so paid in within ten days, the property should stand redeemed from the mortgage sale, and that if not so paid, the defendant's right of redemption should be forever barred and foreclosed. On the 11th day of December, 1882, in the December term of the court, the ten days having expired, and there having been no redemption, the court rendered a final judgment that the mortgage be forever foreclosed, and that the equity of redemption of the defendant (appellant herein) be forever barred, and that it be perpetually enjoined from setting up title to, or lien or claim upon the mortgaged premises; that the plaintiffs' (appellees herein) title to said real estate be forever quieted, and that the plaintiff recover from the defendant their costs, taxed at $18.70.

Appellant herein filed its complaint in this action for a review of the judgment and proceedings in the above described case, and claims that there are errors apparent upon the face of the record. These alleged errors are specifically set out, but are really all embraced in the following:

"*Fourth.* The court erred in overruling this plaintiff's demurrer to the complaint.

"*Fifth.* The court erred in rendering judgment against this plaintiff for the costs in such action, as it was not a necessary party, and no judgment or finding against it was taken or given.

"*Sixth.* The court erred in rendering the final judgment and decree for a strict foreclosure, and in perpetually enjoining this plaintiff from claiming or setting up any interest, claim or right in said property."

The court below sustained a demurrer to appellants' complaint for review. If the alleged errors did intervene in the

proceedings in the former case, if they are apparent upon the face of the record, and if appellant is in a position to make them available, the court below should have overruled the demurrer to its complaint for review.    Otherwise, the court below properly sustained the demurrer to its complaint for a review, and the judgment must be affirmed.

It is argued here that the complaint in the former cause was insufficient for the reason that it contained no allegation that the defendant had, or claimed to have, any interest or title, or color of interest in the land covered by the mortgage, or that it claimed to have any lien upon the land by virtue of having filed a transcript of a judgment.

That portion of the complaint in relation to the transcript filed by appellant is not a model pleading.    It was evidently drawn in great haste, and without much thought of the certainty that should characterize all pleadings.    But we think that, considering all the averments of the complaint in relation to the filing of the transcript, it is made to appear that the transcript was the transcript of a judgment against the mortgagor Wallace, and in favor of the defendant, appellant here, the insurance company.    The fact that the insurance company had filed a transcript of the judgment, showed sufficiently that it was moving to acquire a lien that might be enforced against the real estate of the judgment defendant and mortgagor, Wallace.    The statute provided then, as it does now, 2 R. S. 1876, p. 236, sections 539, 540, R. S. 1881, sections 612, 613, that transcripts of judgments rendered by justices of the peace might be filed in the office of the clerk of the circuit court; that it should be the duty of the clerk forthwith to record the transcript in the order-book, and docket the judgment in the judgment docket, and that the judgment set forth in the transcript should be a lien upon the real estate of the defendant within the county, etc., from the time of filing the transcript.    The proper construction of these statutes perhaps is, that as between the parties to the judgment and others with actual knowledge, such transcripts

are liens from the time of the filing of them in the clerk's office. *Berry* v. *Reed,* 73 Ind. 235; *State, ex rel.,* v. *Record,* 80 Ind. 348; *Ball* v. *Barnett,* 39 Ind. 53.

It is averred in the complaint, as we have seen, that the transcript of appellant's judgment was filed in the clerk's office. It is further averred that the judgment became a lien upon the land covered by the mortgage. This averment is somewhat in the way of an averment of a conclusion, but taking all of the averments together, we think that it is sufficiently made to appear that the insurance company had a judgment which, by its acts, it was asserting to be a lien upon the land covered by the mortgage. The complaint, therefore, made such a case as called for an answer, defence or disclaimer by appellant.

The argument is pressed that the complaint shows that there were not sufficient parties plaintiffs. This argument is based upon the theory that the Wymond heirs, having been in possession of the land, were liable to account for the rents. It is a sufficient answer to this to observe that the complaint did not show that all of the Wymond heirs were at any time in the actual possession of the land, nor that the land had any rental value whatever. And as to the point made by appellant, that Wymond's administrator should have been a party, it may be sufficient to observe that it does not appear from the complaint that there was such an administrator, nor that there was a necessity for any. If by any possibility it could have been necessary or proper to have such an administrator a party to the action, that necessity should have been shown by an answer.

The other two questions discussed at length by appellant's counsel are, that the court below erred in rendering judgment against appellant for costs in the former case, and in rendering judgment that appellant should redeem in ten days; and, further, in rendering the final judgment, that as the redemption had not been made within the ten days as fixed by the

court, appellant's right to redeem should be barred, and it enjoined from setting up any claim or lien under the judgment.

Appellees meet the argument upon these questions, in part, by the contention that as no objections were made by appellant to the judgments complained of, and no motion of any kind made to modify them, appellant is not in a position to now complain; at least, in no position to make any complaint available. .This contention can not be disregarded. The rules which govern in actions to review are, in the main, the same that govern in an appeal to this court.    The errors that may be made available in an action to review are those that may be made available· upon an appeal.    *Rice* v. *Turner,* 72 Ind. 559; *Richardson* v. *Howk,* 45 Ind. 451; Buskirk Pr., p. 271; *Tachau* v. *Fiedeldey,* 81 Ind. 54; *Indiana Mutual Fire Ins. Co.* v. *Routledge,* 7 Ind. 25; *Hardy* v. *Chipman,* 54 Ind. 591.

It has uniformly been held that if no objection be made to the judgment, and no motion made to modify it in the trial. court, no objection can be made available upon appeal, nor in an action to review, however erroneous the judgment may be. This rule has been applied even where judgment was rendered by default.    *Barnes* v. *Wright,* 39 Ind. 293; *Darlington* v. *Warner,* 14 Ind. 449; *Sturgis* v. *Rodman,* 14· Ind. 604; *Tachau* v. *Fiedeldey, supra ; Searle* v. *Whipperman,* 79 Ind. 424; *Barnes* v. *Bell,* 39 Ind. 328; *Baldwin* v. *School City of Logansport,* 73 Ind. 346; *Ludlow* v. *Walker,* 67 Ind. 353; *Leonard* v. *Blair,* 59 Ind. 510; *Johnson* v. *Prine,* 55 Ind. 351; *Evans* v. *Feeny,* 81 Ind. 532; *McCormick* v. *Spencer,* 53 Ind. 550; *Bayless* v. *Glenn,* 72 Ind. 5; *Teal* v. *Spangler,* 72 Ind. 380; *Smith* v. *Tatman,* 71 Ind. 171 ; *Powers* v. *Johnson,* 86 Ind. 298 ;· *Forgey* v. *First Nat'l Bank, etc.,* 66 Ind. 123; *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510; Buskirk Pr., p. 268.

In the case before us, the court had the undoubted authority to render a judgment in relation to the costs, and to render a judgment fixing the time and manner of redemption by appellant.    If in the rendition of these judgments there was

any error, a question which we do not now decide, that error is not available in the action to review, for the reasons that they were rendered without objections from appellant, and it at no time made any motion or took any steps in the court below for a correction or modification of the judgments.

It is true that appellant, after its demurrer was overruled, practically abandoned the case, but that abandonment can not be urged by it as a reason for not having made such objections or motions below, and as a reason why it should be allowed to make the objections for the first time upon appeal, or in an action to review. If appellant sought to save questions as to the proceedings in the case, it should have followed the case to the end, and saved the questions. Not having done so, the record presents no question for decision in the action to review, as to the form or substance of the judgments rendered. So far as presented by the record, there is no error that would justify this court in setting aside the judgment in this proceeding for review. The court below, therefore, correctly sustained the demurrer to appellant's complaint in this action.

The judgment is affirmed, with costs.

