## WILLIAMS *v.* MANLEY ET AL.

[No. 4,467. Filed January 6, 1904. Rehearing denied March 11, 1904. Transfer denied May 24, 1904.]

JUDGMENTS.—*Review.*—A proceeding to review a judgment for error of law is in the nature of an appeal, tried by the record alone, and can not be sustained unless the error be such as .would reverse the judgment on appeal. *pp. 272, 273.*

SAME.—*Review.*—Where no objection was made to a judgment, and no motion made to modify it, an action will not lie to review it because the court gave the defendant greater relief than asked for in his .cross-complaint. *pp. 273-275.*

From Jay Circuit Court; *H. C. Fox*, Special Judge.

Suit by Isabelle Williams against Peter B. Manley and others. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*F. H. Snyder, G. W. Bergman, J. S. Dailey, Abram Simmons* and *F. C. Dailey*, for appellant.

*B. K. Elliott, W. F. Elliott, F. L. Littleton, O. H. Adair* and *J. F. LaFollette*, for appellees.

Robinson, J.—A demurrer to an answer was carried back and sustained to appellant's complaint seeking to review a judgment. The action, resulting in the judgment sought to be reviewed, was brought by appellant against Manley and others to quiet title in the east half of the northwest quarter of section fourteen, in township twenty-four north, range thirteen east, also the southwest quarter of the northwest quarter of same section, also five acres out of the northwest corner of the east half of the southwest quarter of the same section. Appellee Manley answered in denial, and also that he owned the land subject to the life estate of appellant in the undivided five-sixth part thereof. Manley also filed a cross-complaint, in the first paragraph of which he alleged he was the owner of the land in fee, subject to a life estate of appellant in the undivided five-sixths; and in the second paragraph he alleged that he was owner in fee of the undivided seven-twelfths of the land, subject to the life estate of appellant "in and to the undivided five-twelfths of said real estate. so owned by said cross-complainant;" each paragraph asking that he be declared the owner of the land "in fee simple, subject to said life estate as aforesaid." Appellant answered the cross-complaint, and replied to the answer by general denial. Upon a trial the court adjudged, among other things, that Manley owned in fee the east half of the northwest quarter and the southwest quarter of the northwest quarter of section fourteen, and that he owned the five acres subject

to the life estate of appellant in five-sixths thereof. Appellant's motion for a new trial on the ground that the decision was not sustained by sufficient evidence, and was contrary to law, was overruled, and an exception reserved. It is further averred in the complaint to review, that a paper purporting to be a third paragraph of cross-complaint by Manley is attached to the first and second paragraphs of cross-complaint, in which third paragraph he avers that he owns in fee, and asks that his title be quieted to the east half of the northwest quarter and the southwest quarter of the northwest quarter of section fourteen, but it is averred that "said pretended and feigned third paragraph of cross-complaint was not filed in said cause, and that there is no order-book entry of the filing of said pretended and feigned third paragraph, either in the said Jay Circuit Court or the said Adams Circuit Court; and plaintiff avers that said paper and said pretended and feigned third paragraph of cross-complaint is extraneous and foreign to the issues in said cause, and was surreptitiously attached to the said cross-complaint in two paragraphs in said cause, and for that reason is no pleading in said cause, and no issue was presented to said Adams Circuit Court upon said extraneous, feigned, and foreign third paragraph of cross-complaint, and the same is insufficient to support any judgment thereon in said cause." It is further averred that in that case the court erred in overruling appellant's demurrers to Manley's second paragraph of answer and his second paragraph of cross-complaint, in granting affirmative relief to Manley in the absence of any legitimate pleadings to support the same, in overruling appellant's motion for a new trial, and that the judgment is *coram non judice* and void.

The only question presented by appellant is that the judgment quieting title against her was not within the issues submitted to the court in the action sought to be reviewed, and is therefore ineffective as against her. A proceeding to review a judgment, for error of law appearing

Williams v. Manley.

in the proceedings and judgment, is in the nature of an appeal, and is to be tried by the record alone. Such a proceeding can not be sustained unless the error be such as would reverse the judgment on an appeal. *State Bldg., etc., Assn.* v. *Bracken,* 27 Ind. App. 677; *Traders Ins. Co.* v. *Carpenter,* 85 Ind. 350; *Tachau* v. *Fiedeldey,* 81 Ind. 54; *Clark* v. *Hillis,* 134 Ind. 421; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind. 571; *Richardson* v. *Howk,* 45 Ind. 451.

The judgment of a court having jurisdiction of the parties and of the subject-matter may be erroneous, but it is not void. In the case at bar, the court had jurisdiction of the parties and of the subject-matter. All of the particular subject-matter embraced in the judgment was within the jurisdiction of the court. One of the issues presented was whether appellant owned this particular real estate. Appellee in his cross-complaint did ask affirmative relief. The prayer of his cross-complaint was that his title to a part of the real estate embraced in the judgment be quieted. So that the court not only had jurisdiction of the subject-matter embraced in the judgment, but, as to a part of the subject-matter, the judgment was clearly within the issues made by the pleadings. The fact that a judgment gives a party more than his pleadings show he is entitled to does not make the judgment void. See *Barnes* v. *Bell,* 39 Ind. 328; *Bayless* v. *Glenn,* 72 Ind. 5; *McCormick* v. *Spencer,* 53 Ind. 550; *Stalcup* v. *Dixon,* 136 Ind. 9. We think the most that can be said is that the court awarded to appellee greater relief as to the particular subject-matter before it than he asked for in his cross-complaint. This objection goes to the form and substance of the judgment. But it does not appear that appellant made any objection to the judgment, or made any motion to modify the same in the trial court.

It is well settled that upon appeal "the form or substance of a judgment can not be first questioned in this court, but

the question must be first presented to the court below by a motion to modify, which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. If the court rules against the party asking such correction, such ruling of the court below must be assigned as error in this court. Unless this is done no objection can be made available for reversal here, however erroneous in form or substance such judgment may appear to be." *Evans* v. *State*, 150 Ind. 651, and cases there cited.

In *American Ins. Co.* v. *Gibson*, 104 Ind. 336, the court said: "It has uniformly been held that if no objection be made to the judgment, and no motion made to modify it in the trial court, no objection can be made available upon appeal, nor in an action to review, however erroneous the judgment may be. This rule has been applied even where judgment was rendered by default." See *Barnes* v. *Bell, supra; Searle* v. *Whipperman*, 79 Ind. 424; *Baker* v. *Allen*, 92 Ind. 101; *McCormick* v. *Spencer, supra*. From these authorities it follows that as the judgment is in part valid and in part erroneous, because granting greater relief than authorized by the pleadings, and as no motion was made to modify, and no proper objection and exception were made and reserved in the trial court, the objection sought to be made to the judgment is not available in an action to review.

Moreover, if the third paragraph of cross-complaint was before the court when the trial was had, the judgment was clearly within the issues. It is true that proceedings or motions in a cause, during its progress in term time, must be presented to the court, and its attention called thereto. But even if the third paragraph was simply attached to the other paragraphs as averred, the pleading does not show when this was done with reference to the trial. It may have been treated by the court as in the record, although no

order-book entry showed its filing. The facts averred do. not sufficiently show that it was not considered a part of the cross-complaint by the court and also by appellant. If it was in fact attached to the other paragraphs before the trial, the presumption is that it was considered by the court as a part of the pleadings. The facts averred are not sufficient to overcome this presumption.

We find no error in the record. Judgment affirmed.