Solomon Deck, Appellant, v. Nelson Johnson and Lauraette, his wife, Respondents.

The promissory note of a married woman, not given for the benefit of her separate estate, cannot, by parol, be made a charge upon it. (*Yale* v. *Dederer*, 18 N. Y., 265.)

Where money is borrowed by the husband upon notes of the wife, his testimony that he represented to the lender that his wife wanted the money to improve her real estate, is inadmissible.

*It seems* that before her estate can be charged in such case, it must either appear that she authorized the declarations, or that the money was expended for the benefit of her estate, or *perhaps* both. Morgan, J.

Appeal from the judgment of the General Term affirming the judgment of the Special Term rendered in favor of the defendants.

*A. P. Ferris*, for the appellant.

*S. S. Kendall*, for the respondents.

Morgan, J. The plaintiff in this action sought to charge the separate estate of the respondent Lauraette Johnson (a married woman) with the payment of a certain loan of $900 made upon her own notes, to her husband. The complaint alleged that her husband was her general agent in the management of her separate estate, and that the moneys were obtained and expended by him for the purpose of improving the same and carrying on her business. It was also alleged that the loan was made upon the credit of her separate estate, her husband being entirely insolvent. The judge found, as matters of fact, that she was the owner of a separate estate, both real and personal; that her husband was and is insolvent; that she made the notes to enable her husband to borrow the money of the plaintiff, which the plaintiff advanced to him, and that the loan was made solely on the credit of Mrs. Johnson, in consideration of her being the owner of a separate estate. He finds, further, that there

was no evidence that it was borrowed or used for the benefit of her separate estate, or that she intended to charge her separate estate other than the giving of the notes. The plaintiff's exceptions are mostly confined to objections taken to these conclusions of fact, and, of course, are not open to discussion in this court. Upon the statement of facts made by the judge, the judgment is clearly right, within the principle decided by this court in *Yale* v. *Dederer* (18 N. Y., 265; *S. C.*, 22 id., 450). But the plaintiff took an exception to the rejection of certain evidence offered by him on the trial, which he now relies upon to reverse the judgment. He asserts that the evidence, if it had been received, would have authorized the judge to find that the money was obtained ostensibly for the purpose of being expended in the improvement of her real estate. The offer was to prove that her husband, when the money was loaned, stated to the plaintiff that she wanted the money to improve her real estate. The offer assumes that he was her agent in the business of borrowing money for such a purpose, or in the management of her property, when it became necessary to make loans upon her credit, to enable him to carry on her business. But there was no evidence of that character, except the fact that he was permitted to assist her in the general transaction of her business. It did not appear that she had ever authorized him to borrow money to improve her estate. And if she had, it would, at least, be questionable whether she would be bound by his declarations contrary to the fact that the loan was wanted for such a purpose. Although she can deal as a *feme-sole* in relation to her separate estate, still she is not thereby freed from the natural influence of her husband. (Roper, 347.) It is difficult to charge her, in such a case, with the responsibilities which usually attach to the relations existing between principal and agent; for, as between husband and wife, there are no corresponding obligations, and none of the common law liabilities which attach to that relation as between other parties. She may, doubtless, do business through him as her agent; but to allow him to bind her separate estate by

his unauthorized representations, would put her whole fortune at his disposal.

It may be regarded as settled in this State, that her promissory note not given for the benefit of her estate, cannot, by parol, be made a charge upon it. (*Yale* v. *Dederer, supra.*)

In the case at bar, there is no evidence that her notes were given for the benefit of her estate, except the declarations of her husband; and these declarations did not appear to have been authorized by her. On the contrary, we have her testimony that her husband was her agent to borrow money, and that she did not know what he wanted the money for, nor was any of it, to her knowledge, used for her benefit.

If, therefore, it is conceded that she can, by parol, bind her separate estate by borrowing money on her own notes to improve it, we have no evidence in this case that her notes were wanted for any such purpose, except the unauthorized declarations of her husband. In my opinion these unauthorized declarations are not sufficient to make the notes a charge upon her separate estate. Before her estate can be bound in such a case, I think it must either appear that she authorized the declarations, or that the money was expended for the benefit of her separate estate; and perhaps both these facts should be proved, although it is not necessary to decide that question now.

The judgment should be affirmed.

WRIGHT, J. The object of the action was to charge the separate estate of the defendant, Mrs. Johnson, with the amount of nine promissory notes, for $100 each, signed by her, bearing date the 6th December, 1856, and held by the plaintiff. The judge at Special Term, found that the notes were made by Mrs. Johnson and delivered to her husband, Nelson Johnson, for the purpose of having the plaintiff advance and loan money upon them; that the plaintiff advanced the money upon the notes to the defendant, Nelson Johnson, upon the delivery by him of the notes to the plaintiff; and that the plaintiff loaned and advanced the

money on the credit of Mrs. Johnson, and in consideration of her being the owner of a separate estate. The judge further found that there was no evidence that the money loaned was borrowed for the benefit of the separate estate of Mrs. Johnson, or that it was used upon or for the benefit of such separate estate, nor was there any evidence other than the giving the notes, that she intended to charge her separate estate with the loan. He accordingly decided that said loan or advance never became a charge upon the separate estate of Mrs. Johnson, and that the defendants were entitled to judgment.

The correctness of this decision is not now questioned by the plaintiff's counsel. Indeed, it could not well be, since the case of *Yale* v. *Dederer* (18 N. Y., 265). The cases in their material features are undistinguishable. There was but a single exception taken by the plaintiff's counsel on the trial. He offered to prove by the plaintiff himself that at the time he let Nelson Johnson have the money on the notes, Johnson stated to him that his wife wanted the money to improve her real estate. The court sustained the defendant's objection to the offered evidence, and it was excluded. This was not error. It would be difficult, I apprehend, to assign any principle upon which the proof was admissible. It was not the case of an agent's declaration made within the scope of his authority; for Johnson was not shown to be an agent to borrow the money for his wife for any purpose. In the case of agency, the agency must be first proved before the agent's declarations of any kind are evidence. Nor were the declarations of the husband as to the motives of the wife, as to the use of the money *res gestæ.* She was not an actor, and the declarations were not hers. Until the loaning was shown to be material as against her, declarations made at the time of the loan would not be *res gestæ.*

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.