## SUPREME COURT.

DANIEL D. FOSTER and another, appellants, agt. MARIA L. CONGER, respondent.

If an action is brought against a *married woman* in reference to her *separate business* which she carries on, it is brought against her as against any other individual. The liability is *personal*, and if a judgment is obtained upon it, it is a *personal judgment*, to be enforced against any property she may have, liable to execution as in ordinary cases.

Therefore, whether a married woman, at the time she contracts a debt in reference to her separate business, has any separate property or estate of her own, is not of the slightest consequence in reference to sustaining an action against her for such debt. It is a personal obligation and liability for which she alone is responsible under the statutes of 1860–1862.

*Fourth Department, General Term, June 1871.*
*Present,* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*
*Argued September,* 1871.
*Decided November,* 1871.
APPEAL from a judgment against plaintiffs at special term.

IRVING G. VANN, *for appellants.*
F. DAVID, *for respondent.*

*By the court,* JOHNSON, J.—The conclusion of law drawn by the referee is clearly erroneous upon the facts found by him. He finds, that the business in which the defendant was engaged, was her separate business, conducted and carried on by her for her own exclusive benefit, and that there was due from her in that business and unpaid the sum of $52 25. And yet, he holds and decides, that she was not liable in the action, and renders judgment in her favor.

This appears to be based upon another finding of fact, to wit ; that at the time the defendant engaged in this business she had no separate estate, and that although she acquired a separate estate during the progress of the business in which the debt was incurred, such debt was not contracted for the benefit of such estate. Neither the fact that she had no separate estate before engaging in this business, nor the other fact, that this demand was not incurred for the benefit of the separate estate she afterwards acquired, was of the slightest consequence in respect to the plaintiff's right of action and to a judgment against the defendant. The liability was contracted by her in the business in which she was engaged and was carrying on for her own exclusive benefit. It was a personal obligation and liability for which she alone was responsible under the statutes of 1860 and 1862, on the subject of the rights of married women (*Sess. Laws of* 1860, *chap.* 90; *Sess. Laws of* 1862, *chap.* 172).

By virtue of these statutes a married woman may make bargains, carry on any trade or business, and perform labor and services on her own separate account, and for her own exclusive benefit, the same as though she were unmarried, and all the earnings and profits belong to her exclusively, and are her sole and personal estate. She may also sue and be sued upon any and all bargains, obligations and liabilities made or incurred in her business, the same as though she were sole.

If an action is brought against her in reference to her business, it is brought against her as against any other individual. The liability is personal, and if a judgment is obtained upon it, it is a personal judgment, to be enforced against any property she may have liable to execution as in ordinary cases. This is in accordance with the views expressed by this court in *Ainsly* agt. *Mead,* (3 *Lans.,* 116), and is, I think, the logical and unavoidable result of all the recent legislation on this subject of the rights of married women. If in any such action, the

plaintiff would be entitled to judgment were the defendant a single woman, he is entitled to it, though she be married. The obligation and the liability of the wife, in such a case, are the same personally as though she had never contracted marriage. There can be no question in this case, that the business in which this demand originated, whether she was a purchaser of the machines, or sold them merely as agent, was her own separate business, because she testifies expressly that her husband "had nothing to do with it, or with the profits of it." It is not material now to inquire whether upon the evidence the defendant was a purchaser of the machines, or a mere agent to sell them.

That question will be open for determination upon all the evidence on the new trial. The business being her separate business, she would be liable in either character for the amount found to be due and unpaid.

The judgment must, therefore, be reversed, and a new trial ordered, with costs to abide the event.