## LONG ET AL. *v.* DIXON ET AL.

MARRIED WOMAN.—*Coverture.*—*Pleading.*—If, in an action against a married woman, upon a contract made by her, the complaint does not affirmatively show that such coverture existed at the time of making such contract, to avail herself of such disability as a defence she must plead it.

SAME.—In an action against a married woman and another to recover for the purchase-money of a tract of land sold to her codefendant, and, at his request, conveyed to her, an averment in the complaint that such conveyance " was made to said defendant," naming her, " wife of," etc., is not available to her on demurrer, as showing coverture.

SAME.—*Parties.*—In such action she is a proper party defendant, and to avail herself of her coverture to avoid a personal judgment on her implied contract to pay for such land, she must plead it.

SUPREME COURT.—*Bill of Exceptions.*—*Record.*—Where time beyond the term is not given by the court to file a bill of exceptions, it forms no part of the record on appeal to the Supreme Court.

From the Greene Circuit Court.

*A. G. Cavens, E. H. C. Cavens, D. W. Soliday, R. R. Taylor, J. S. Bays, C. Ballenger* and *D. M. Bradbury,* for appellants.

*H. Burns,* for appellees.

BIDDLE, J.—Complaint by appellees against appellants, in four paragraphs. The first is a special paragraph to

recover the purchase-money for one-fifteenth, undivided part of certain lands, sold and conveyed. The second is similar to the first. The third is in the form of a common count for five hundred walnut trees. The fourth is a common count for the sale and conveyance of the same lands described in the first count. Demurrers were sustained to the second and third paragraphs, but no question arising upon either of these is brought here. Demurrers, for a defect of parties defendants, and for want of sufficient facts alleged, were overruled to the first paragraph, and exceptions reserved. And, by a general denial to the first and fourth paragraphs, the issues were joined. Trial by the court. Finding for appellee, and, over a motion for a new trial and exceptions, judgment on the finding.

The case was tried at the March term of the Greene circuit court, 1874, and causes for a new trial filed, motion made and overruled at the same time. No time was given, as far as the record shows, to prepare and file a bill of exceptions. On the 12th day of May, 1874, a bill of exceptions was filed. This date must have been at the next term of the court, and, therefore, too late. The bill of exceptions is no part of the record. For the times of holding the Greene circuit court, see section 54, 1 R. S. 1876, p. 385. *Krutz* v. *Craig*, 53 Ind. 561.

The appellants insist, that the demurrer to the first paragraph of complaint, by Delia Long, should have been sustained because it shows upon its face that she was a married woman at the time the land was sold, and therefore not liable on the implied contract for the purchase-money. We do not think there is any such a direct traversable averment in the complaint. It alleges a sale of the land to Ichabod T. Williams and Edward M. Long, and "that by request of said defendants, the deed was made to said defendant, Delia Long, wife of said Edward." There is no averment that Delia was the wife of Edward

at the time the sale was made. Besides, the land being liable for the purchase-money, Delia was properly made a party defendant to protect her rights in the land; and being properly made a party, the demurrer was correctly overruled. If she did not wish to suffer a personal judgment, she should have set up her coverture by way of answer; and, not having done so, the judgment against her is valid. We have frequently decided, that where a married woman—the complaint not showing the coverture at the time the contract is made—does not set up her coverture against the action, she can not avail herself of it against the judgment. *Landers* v. *Douglas*, 46 Ind. 522; *McDaniel* v. *Carver*, 40 Ind. 250; *Elson* v. *O'Dowd*, 40 Ind. 300.

This record shows two paragraphs of complaint, upon which the trial was had, either of which will support the finding and judgment of the court; and as the evidence is not before us, the judgment is affirmed, with costs.