### EMMETT ET UX. *v.* YANDES ET AL.

REVIEW OF JUDGMENT.—*Coverture.*—*Promissory Note.*—*Mortgage.*—A personal judgment against a married woman, rendered against her on default, in an action on a promissory note and a mortgage securing the same, may be reviewed where her coverture appears on the face of the complaint in such action.

From the Marion Superior Court.

*J. S. Tarkington, J. T. Dye* and *A. C. Harris,* for appellants.

*A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellees.

BIDDLE, J.—Complaint for the review of a judgment, brought by the appellants, against the appellees.

A demurrer, alleging the insufficiency of the facts stated to authorize the review, was overruled, and exceptions reserved.

Judgment at special term, against the appellees.

They appealed to the general term, wherein the judgment was reversed.

The appellants appeal from the judgment in general term, to this court.

The judgment sought to be reviewed was founded on a promissory note and mortgage executed by Edith A. Emmett and Robert Emmett, and was rendered in the usual

form of foreclosure, and for the sale of the premises, and that execution issue, as on other judgments, for whatever amount shall remain unpaid.

As to Edith A. Emmett, the judgment was rendered on service and default.

The ground for review is, that Edith A. Emmett, at the time she executed the note and mortgage, was a married woman, the wife of Robert Emmett.

We have held, that " A married woman may interpose the defence of coverture to an action against her upon her contracts, but if she fails to make defence, and lets judgment go against her by default, she is as much bound by the judgment as if she had not been under coverture. The defence of coverture must be interposed to an action, like that of infancy, or, indeed, any other defence; but if not at the proper time interposed, a judgment rendered on the contract of a married woman will be as valid as if no such defence ever existed." *Landers* v. *Douglas,* 46 Ind. 522. But, in the case cited, the question here presented was not in the record.

It is urged upon us, on behalf of the appellants, that the complaint in the judgment sought to be reviewed shows upon its face that Edith A. Emmett was a married woman at the time she executed the note and mortgage. There is no such direct averment in the complaint, but it is stated in the mortgage, " that Edith A. Emmett and Robert Emmett, her husband, of Marion county, in the State of Indiana, mortgage and warrant to," etc. The mortgage, its acknowledgment and the note which it secures, bear the same date, and we must presume, nothing appearing to the contrary, that they were all executed at the same time. The note and mortgage were necessary exhibits, filed with the complaint, and thus became a part of the complaint. We think, therefore, that it appears upon the face of the complaint, that Edith A. Emmett was a married woman at the time she executed the note; if so, the note is void,

and the complaint founded upon it insufficient to sustain the personal judgment rendered against the wife.

. Such a judgment must be distinguished from one rendered against a married woman on a void note, when the judgment appears valid on the face of the record. In such a case, we have held the judgment good, where the complaint did not show the coverture at the time the contract was made. *Long* v. *Dixon*, 55 Ind. 352.

In the case of *Burk* v. *Hill*, 55 Ind. 419, a judgment against a married woman was attacked collaterally, to invalidate a sale of lands made under it, and it was held, that, the judgment being valid on its face, she was estopped from attacking it in that way.

In the case before us, we think the judgment was open to review for error in the proceedings, and that the court in general term erred.

The judgment in general term is reversed, and the cause remanded, with instructions to affirm the judgment rendered in special term.