No. 8749.

COVERDALE ET AL. *v.* ALEXANDER, TREASURER.

MARRIED WOMAN.—*Execution of Replevin Bond.—Complaint.*—In 1878 a replevin bond executed by a married woman, in this State, was, as to her, void, and in a suit upon it against her, if the complaint disclose her coverture, a demurrer to it by her is well taken.

REPLEVIN BOND.—*Jurisdiction.—Justice of the Peace.*—Where the affidavit for a writ of replevin, before a justice of the peace, fixed a value to the property which brings the cause within the justice's jurisdiction, a replevin bond taken by him is not void, though afterwards the same may be dismissed because it is disclosed on the trial that the value exceeds his jurisdiction.

SAME.—*Approval.*—The issuing of a writ of replevin by a justice of the peace upon the filing of a bond is a sufficient approval of the bond.

From the Tipton Circuit Court.

*J. A. Swoveland* and *D. Waugh*, for appellants.

*R. B. Beauchamp* and *G. H. Gifford*, for appellee.

MORRIS, C.—This suit was commenced by the appellee, as treasurer of Tipton county, against the appellants, on a replevin bond.

The complaint states, that on the —— day of May, 1878, Robert P. Timberlin was the duly elected and qualified treasurer of said county; that the appellant Samuel Wheeler was and is indebted to the county of Tipton in taxes, as appeared from the tax duplicate of said county, in the sum of $400; that W. F. Wilcox, the duly appointed deputy treasurer of said county, had levied upon certain property of the said Samuel Wheeler, which is described, for the purpose of mak-

ing and collecting said tax due and owing by him; that said Wilcox took said property and placed it in the care and custody of one Eli Coverdale, one of the defendants; that on the —— day of May, 1878, the defendant Elvira Wheeler brought her action before Esq. Chase, a justice of the peace of Wildcat township, in said county, to recover said property, filing her sworn complaint against said Wilcox and Coverdale, in which said property was described, and alleged to be hers and of the value of $150; that she executed her bond, payable to said Coverdale and Wilcox, in the sum of $300, with Samuel Wheeler, Eli Coverdale and John Q. Bryant, as her sureties; a copy of the bond is filed with and made part of the complaint; that a writ of replevin was issued by said justice, by which said property was taken from said Coverdale and Wilcox, and delivered to said Elvira Wheeler; that the venue of said action was changed to Liberty township, in said county, before V. C. Wisner, a justice of the peace; that on the —— day of May, 1878, the parties met before the last named justice, where the trial of the cause was commenced; that, after hearing the testimony of the plaintiff, the justice dismissed said action, on the ground and for the reason that said property exceeded in value the sum of $200, for which reason he had no jurisdiction; that said justice rendered judgment against said plaintiff in said action for $100 costs, which remains unpaid.

The breaches of the bond alleged are:

First. That the appellant Elvira failed to prosecute her suit to effect, but allowed the same to be dismissed.

Second. That she had failed to return said property.

Third. That she has failed to pay the judgment for costs.

It is averred that Timberlin's term of office had expired; that the appellee had duly become his successor, and that said taxes remain due and unpaid; Wilcox and Coverdale are made defendants. It is also alleged that said Coverdale signed said bond as one of the sureties; that the county is the party in interest, and should have been the defendant in said replevin

suit, and that said bond should have been for its use, and hence it prosecutes this suit.

The bond is as follows:

"We, Elvira Wheeler, Samuel Wheeler, Eli Coverdale and John Q. Bryant, acknowledge ourselves bound to William F. Wilcox and Eli Coverdale, in the sum of three hundred dollars. Witness our hands and seals this 6th day of May, 1878.

"The condition of the above obligation is, that whereas said Elvira Wheeler, wife of Samuel Wheeler, has filed her complaint before George H. Chase, a justice, averring that said William F. Wilcox and Eli Coverdale do unlawfully detain from her personal property of the value of one hundred and fifty dollars, upon which complaint she prays restitution of said property: Now, if the said Elvira Wheeler and Samuel Wheeler, her husband, shall prosecute said complaint to effect and return said property, if return be awarded to said Wm. F. Wilcox and Eli Coverdale, and pay all costs and damages adjudged against him in said action, then said obligation shall be void, else in full force. ELVIRA WHEELER,

"ELI COVERDALE,

"SAMUEL WHEELER,

"J. Q. BRYANT.

"Attest: G. H. CHASE."

Elvira Wheeler, Samuel Wheeler, Coverdale and Bryant appeared and demurred severally to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The court overruled the several demurrers, to which the appellants severally excepted.

The cause was submitted to the court for trial. The court found for the appellee, and, over a motion for a new trial, rendered final judgment for him.

The rulings of the court upon the several demurrers are assigned as errors.

It appears by the bond filed as the foundation of the action, that Elvira Wheeler was, at the time she executed the

bond, the wife of Samuel Wheeler, her co-obligor. As to her, the bond was void. Being a married woman, she had no capacity to enter into such a contract. Her sureties might have been, and doubtless were, bound, but she was not. The coverture of Elvira Wheeler appearing upon the complaint, her demurrer should have been sustained. *Long* v. *Dixon,* 55 Ind. 352.

It is insisted by the appellant, that the bond sued on is void, because the justice had no jurisdiction in the action of replevin. It appears from the record, that the plaintiff in the replevin suit, in her complaint, verified by her affidavit, stated the value of the property at $150. We think the justice, upon this complaint, had authority to accept the bond and issue the writ. The issuing of the writ of replevin, upon the filing of the bond, was a sufficient approval of it by the justice.

The judgment below should be reversed, with instructions to the court below to sustain the demurrer of Elvira Wheeler to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, with instructions to sustain the demurrer of Elvira Wheeler to the complaint, and with leave to the appellee to amend the complaint as to the other appellants.