No. 10,833.

SCARLETT ET AL. *v.* SNODGRASS.

MARRIED WOMAN.—*Contract.—Case Overruled.*—A married woman is not personally liable on a contract made for the purchase of lands jointly with her husband in August, 1881.  *Emmett* v. *Yandes,* 60 Ind. 548, overruled so far as in conflict with *Searle* v. *Whipperman,* 79 Ind. 424.

From the Union Circuit Court.

*T. D. Evans* and *L. H. Stanford,* for appellants.
*J. R. Mitchell* and *J. W. Connaway,* for appellee.

BLACK, C.—The complaint in this action, which was brought by the appellee against the appellants Margaret H. Scarlett and Robert Scarlett, her husband, showed, in substance, that on the 6th of August, 1881, the appellee purchased certain land in Union county, being ninety-eight and one-fourth acres, for the price of $35 per acre, from a commissioner appointed by the Union Circuit Court to sell it, the terms of sale being that the purchaser should pay one-third of the purchase-money in cash, and the residue in two equal annual instalments, secured by mortgage on said land, and on said day said commissioner executed to the appellee a certificate of said sale; that afterwards, on the same day, the appellant Margaret, by her agent and husband, said Robert, and said Robert for himself, purchased said real estate from the appellee, for the price of $40 per acre, on the following terms: The appellant Margaret, by her said agent and husband, and the appellant Robert for himself, contracted and agreed with the appellee to receive an assignment of the certificate of

purchase to said Margaret, and that she would pay the cash payment, and the appellants would execute their notes and mortgage on said land to secure the deferred payments, doing all that the appellee was bound to do by the terms of the sale; and said Margaret, by her said agent, and said Robert, in consideration of the assignment of said certificate to said Margaret, his said wife, contracted and agreed for himself and on behalf of his said wife, as her agent, with the appellee, that said Robert and his said wife, in addition to carrying out the contract of the appellee with said commissioner, would execute their promissory note for $490, payable to the appellee at the time and on the day that the court should confirm said sale and order said commissioner to execute a deed of conveyance for said land and approve the same; that, in compliance with and execution of said contract, said Margaret, by her said agent and husband, received an assignment of said certificate from the appellee, and on the same day that said certificate was assigned to her by endorsement in writing by the appellee, she, by her said agent, drew her check on her bank account with a bank named for $1,143.33, the one-third part and cash payment of said purchase-money, which check was so drawn in favor of and payable to the appellee and was for said cash payment; that said check was delivered to the appellee and was by him assigned by endorsement in writing to said commissioner, in full payment of said cash payment; and said Margaret, by her said husband and agent, further agreed to execute the notes and mortgage to secure the deferred payments in the place and stead of the appellee, which said commissioner at the time accepted in lieu of the notes and mortgage of the appellee; that said Robert, as the agent of said Margaret, was duly authorized and empowered to make said purchase, and was fully authorized as her agent to draw said check on her bank account, and she fully endorsed and ratified the acts of her said husband and agent in said purchase and in the drawing of said check; that the appellee fully executed and performed all his part of said con-

tract with the appellants and each of them, by the assignment of all his right, title and interest in and to said certificate by endorsement in writing; that afterward, on the 8th of August, 1881, said Margaret and her husband, said Robert, assigned said certificate by endorsement in writing to Emmett B. Gould; that said Margaret and Robert, her said husband and agent and joint promisor, and each of them have wholly failed, neglected and refused to execute their said note payable to the appellee for $490, or to pay said sum to him or any other person at his request, though often requested so to do ; that on the 19th of October, 1881, said commissioner reported his sale of said real estate, with all his proceedings thereon, for approval of the court, and said circuit court approved said sale and ordered said commissioner to execute a deed of conveyance to said Gould and present the same for approval, which deed was by the court approved and ordered to be delivered to said Gould, on said last mentioned day. And it was alleged that the appellants were indebted to the appellee in said sum of $490, which was due on the 19th of October, 1881, and that the same with interest thereon was wholly unpaid.

A joint demurrer to the complaint, for want of sufficient facts, was overruled. The appellants answered by general denial. A trial by jury resulted in a verdict for the appellee for $490, against both of the appellants, each of whom made a motion for a new trial. The motions were overruled, the appellant Margaret alone excepting to the ruling, and judgment was rendered on the verdict.

It is not insisted that the judgment should be disturbed as to the appellant Robert.

Among the specifications in the assignments of errors, it is separately assigned by the appellant Margaret that the complaint does not state facts sufficient to constitute a cause of action.

Her contract, on which it was sought to hold her personally liable, was made on the 6th of August, 1881. It was shown

by the complaint that she was then a married woman. She could not be personally bound by the contract; and, therefore, the complaint did not state facts sufficient as against her. *Emmett* v. *Yandes*, 60 Ind. 548, overruled so far as it is in conflict with *Searle* v. *Whipperman*, 79 Ind. 424, and *Shoaf* v. *Joray*, 86 Ind. 70.

The judgment should be affirmed as to the appellant Robert Scarlett, and should be reversed as to the appellant Margaret H. Scarlett.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed as to the appellant Robert Scarlett, at his costs, and reversed as to the appellant Margaret H. Scarlett, at the costs of the appellee.

Filed Dec. 19, 1883.