Reynolds, J.
The respondent and her husband are sued as partners, upon a note signed by her hns *404 band in the firm name of J. P. Kinney & Co. As the complaint is now framed, the action is not upon the consideration for which the note was given, nor are any facts alleged for the purpose of charging the defendant as a married woman ; but the claim rests simply upon the written instrument, and the case therefore presents the question whether a married woman may carry on business as a partner with her husband. . As this question has been ruled both ways, and able and exhaustive opinions have been given, it will only be necessary for us to give a general statement of our reasons for the conclusion at which we have arrived.
It must be conceded, that, at common law, the unity of husband and wife was such as to preclude the existence of a business copartnership between them; and such is still the rule, unless it has been changed by some statute. The only statutes claimed to have effected such a result, are the married woman’s act of 1848,* §as amended by chapter 375 of the laws of 1849, and the act of 1860,† as amended by that of 1862‡
The idea of a copartnership involves the holding of property in common ; and the transaction of business together by the partners.
First, as to property. The provisions pertinent to the question are section 3 of the act of 1848, as amended, and section 1 of the act of 1860. (The note in suit was made before the passage of the act of 1884. §)
By these statutes, “any married female may take *405 by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the same manner and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable to his debts (1848).
“ The property, both real and personal, which any married woman now owns as her sole and separate property; that which comes to her by descent, devise, bequest, gift or grant; that which she acquires by her trade, business, labor or services, carried on, or performed on her sole or separate account,” shall remain her sole and separate property, not subject to the control of her husband or liable for his debts ; except in one case, not material to be considered here (1860).
We cannot carry her powers or liabilities beyond these statutes. The essential ideas of copartnership property seem to be carefully excluded, so far as her husband is concerned. As to him, her property must be sole and separate, and held to her sole and separate use, not subject to his control or disposal, or liable for his debts. But the interest of one partner is not sole or separate from that of the other, nor held to the separate use of such partner, nor free from the control or disposal of the other, or from liability for his debts. Besides, the statute does not authorize a husband to convey directly to his wife (though such a conveyance may be upheld in equity), and it is hard to suppose, that the legislature intended to authorize a husband and wife to embark in business as partners, while they withhold the power of direct dealings between the two. We should, in such case, have a partnership, in which one partner would not have the right to sell out to the other (see Johnson v. Rogers, 20 Weekly Dig. 568; *406 Gen. Term, 5th Dep., reported since the foregoing was written).
In Bertles v. Nunan (92 N. Y. 152 ; S. C., 12 Abb. N. C. 283, with note), the court say, the statutes have not gone so far as to destroy the common-law unity of husband and wife, and make them substantially separate persons for all purposes. Judge Earl says, “So the common-law incidents of marriage are only swept away by express enactments. The ability of the wife to make contracts is limited. Her general engagements are absolutely void, and she can bind herself by contract, only as she is expressly authorized to do by statute.” And in that case it was held, that under a conveyance to a husband and wife jointly, they take not as tenants in common, or as joint tenants, but as tenants by the entirety. This is not the way partners take or hold.
Second, as to the carrying on of business. “A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business and perform any labor or services, on her sole and separate account, and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used or invested by her in her own name ” {L. 1860, c. 90, § 2).
This is the enabling statute from which the married woman derives whatever power she has to carry on a trade or business. Where is the provision which authorizes her to enter into copartnership with her husband?
She may sell her “ separate personal property,” not the partnership property, as she might have occasion to, from day to day in the course of trade. She may carry on trade or business or perform labor or services on her sole or separate account; not on joint account with her husband partner. Judge Brown, in *407 the case of Graff v. Kinney,* suggests that the words u sole and separate ” relate to labor or services ” and not to “ trade or business.” I think this is a mistake. The second section should be construed in connection with the first, of the same act. The first declares that what she acquires by her trade or business, carried on, on her separate account, shall be her sole and separate property. This plainly refers to the following section, which goes on to authorize her to carry on trade or business. One section was plainly intended to be as broad as the other. The first, meant to give her, as her separate property, all her acquisitions from the business authorized by the second, and yet the first-only operates upon what she gains in business conducted on her sole and separate account. Besides, it is only upon this construction that the latter part of section 2 can be made harmonious with the former part of the section or with section 1. Trade, business, labor and services are there all joined together, without a repetition of the qualifying words, and it is declared that her earnings from all these sources shall be her sole and separate property, meaning, I think, in the language of section 1 “ trade, business, labor or services, carried on or performed on her sole and separate account.” Any other construction makes confusion in the act.
In Coleman v. Burr, 93 N. Y 17, Judge Earl says (commenting on the acts of 1848, 1849 and 1860), “ The statutes referred to, touch a married woman in her relations to her husband, only so far as they relate to her separate property and business, and the labor she may jjerform on her sole and separate account.” It may be, as contended by Judge Browk, in the case referred to that a married woman can carry on a partnership with a person other than her husband, but if she can do so *408 with Mm, the words, “ sole and separate ” in the statutes we have been considering seem to have little or no use.
Some of the views above expressed, and others equally conclusive, are so fully and forcibly presented . by Judge Westbrook in Fairlee v. Bloomingdale (14 Abb. N. C. 341), that a further discussion would seem to be out of place.*
Exceptions overruled and judgment for, defendant, Frederica M. Kinney, with costs.
Van Wyck, J., concurred.
Larremore, J.
The enabling statutes, in relation to the authority of a married woman to hold property or transact business, have not expressly authorized a married woman to enter into, partnership with her husband, and, as I read the decisions, no such authority or right is implied. In this case, it appears that the marital relation existed between the plaintiS and defendant, and I find no authority that authorizes a husband to claim, under a business copartnership with his wife, the right to a dissolution of the same, and the appointment of a receiver. In the absence of any statutory enactment, the rule of the common law in relation to husband and wife remains unchanged; and as no express provision is made by statute for a business copartnership between husband and wife, the old rule must prevail. The complaint, therefore, must be dismissed, but without costs.

 C. 200, p. 307.

 C. 90, p. 157.

 C. 172, p. 343.

 C. 381, p. 464, § 1, authorizing a.married woman to contract to the same extent, with like effect and in the same form as if unmarried, and to bind her separate estate, whether the contract relates to her separate business or estate or otherwise, without expressly charging her separate estate; but by section 3, the act does not apply to any contract between, husband and wife.

 Reported ante, p. 397.

In Jacquin v. Jacquin (N. Y. Common Pleas, Sp. T., May, 1885), the husband brought an action against his wife for an accounting between them in a business partnership. He testified that he married the defendant some time after they had become partners in business, and that she then took all the partnership property, refusing to account for any portion. The defense was, that as the parties were husband and wife, there could be no legal partnership between them.